■ JOAN SPRAGUE, Appellant, v LUNA PARK CO-OP, Respondent. — In a personal injury action, plaintiff appeals from a judgment of the Supreme Court, Kings County (Brownstein, J.), entered July 3, 1980,, which dismissed the action upon the granting of defendant's motion to dismiss pursuant to CPLR 3012 (subd [b]). Judgment affirmed, without costs or disbursements. In the absence of a "reasonable excuse" for the inordinate delay in the service of the instant complaint, Special Term acted within its discretion in granting the defendant's motion to dismiss pursuant to CPLR 3012 (subd [b]) (see *Barasch v Micucci,* 49 NY2d 594; *Verre v Rosas,* 47 NY2d 795). Gibbons, J.P., Gulotta, Cohalan and Bracken, JJ., concur.

■ JOAN SPRAGUE, Respondent, v LUNA PARK CO-OP, Appellant. — In an action to recover damages for personal injuries, predicated on theories of negligence and breach of warranty, defendant appeals (1) from an order of the

Supreme Court, Kings County (Held, J.), dated December 16, 1980, which denied its motion to dismiss the complaint on the grounds of *res judicata* and Statute of Limitations, and (2) from a further order of the same court (Shaw, J.), dated February 3, 1981, which granted the plaintiff's motion for an assessment of damages predicated, *inter alia,* on the defendant's failure to interpose an answer. Order dated December 16, 1980 reversed, on the law, without costs or disbursements, the motion to dismiss is granted to the extent that the first cause of action is dismissed and, with respect to the second cause of action, the matter is remitted to Special Term for a hearing on the issue of whether the summons was served prior to the expiration of the six-year Statute of Limitations applicable to a cause of action for breach of warranty of habitability. Order dated February 3, 1981 reversed, on the law and as a matter of discretion, without costs or disbursements, motion denied, and, should the plaintiff prevail at the hearing directed upon the appeal from the order dated December 16, 1980, the defendant is granted leave to serve an answer to the complaint within 20 days after the service upon it of a copy of the order to be made thereon, with notice of entry. The first cause of action (which sounds in negligence) should have been dismissed by Special Term, as it was time barred by the applicable three-year Statute of Limitations (CPLR 214), and the plaintiff was not entitled to the benefit of the six-month extension set forth in CPLR 205 (subd [a]). However, as to the second cause of action (i.e., breach of warranty of habitability), we agree with plaintiff that CPLR 205 (subd [a]) does not bar the institution of an otherwise timely "new" cause of action where an earlier action has been dismissed for failure to prosecute, but merely denies the benefit of the additional six-month extension to the plaintiff under such circumstances (see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C205:3 — C205:5). There is, however, an undetermined factual issue as to whether the summons, which was dated seven days prior to the expiration of the six-year period of limitations applicable to the warranty cause of action, was actually served within the requisite period. We note that the record does not include an affidavit of service, and that the defendant alleges that the summons was served more than six years after the event. Accordingly, a hearing will be required at Special Term to resolve the issue. Under the circumstances, and in the interest of justice, the defendant is hereby afforded leave to interpose an answer should the remanded issue of fact ultimately be resolved in the plaintiff's favor. Gibbons, J.P., Gulotta, Cohalan and Bracken, JJ., concur.