OPINION OF THE COURT
Per Curiam.
Order entered October 29, 1987 modified by severing ten *827 ants’ counterclaims to the extent said counterclaims seek recovery for damages resulting from an alleged burglary in the subject premises; as modified, order affirmed, without costs.
While tenants may, in this nonpayment proceeding, counterclaim for damages sustained by reason of landlord’s breach of the implied warranty of habitability, the proper measure of those contract damages is “the difference between the fair market value of the premises if they had been as warranted, as measured by the rent reserved under the lease, and the value of the premises during the period of the breach” (Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329). To the extent tenants also seek damages traditionally within the scope of tort liability, those claims are more appropriately tried outside the limited sphere of the landlord-tenant proceeding (see, Curry v New York City Hous. Auth., 77 AD2d 534; N Town Roosevelt Assoc. v Muller, NYLJ, Oct. 27, 1980, at 6, col 4 [App Term, 1st Dept]).
Ostrau, P. J., Sandifer and Miller, JJ., concur.