OPINION OF THE COURT
Per Curiam.
Order dated October 21, 1994 reversed, with $10 costs, tenant’s motion for summary judgment dismissing the second nonpayment petition is denied, the second nonpayment petition reinstated, landlord’s cross motion to strike the first and second jurisdictional defenses, the first, second, fourth and fifth affirmative defenses and the second, fourth, fifth and sixth counterclaims granted and the matter remanded to the Civil Court for further proceedings.
Appeal from the order dated August 16, 1993 granting tenant’s motion to dismiss the first nonpayment petition is dismissed, without costs, as moot.
In July 1993, landlord appellant, a realty limited partnership, commenced a nonpayment proceeding against respondent, a rent-stabilized tenant, to recover rent from October 1992 through July 1993. That proceeding was ultimately dismissed without prejudice on the ground that landlord failed to establish that it was entitled to maintain the proceeding (RPAPL 721 [1]) due to the death of one of its general partners in 1991.
Landlord then commenced a second nonpayment proceeding in May 1994 to recover rent from November 1992 through *733 April 1994. Following tenant’s motion for summary judgment and landlord’s cross motion for dismissal of certain jurisdictional defenses, affirmative defenses and counterclaims, the Civil Court dismissed the most recent petition without prejudice on the grounds that the June 1994 multiple dwelling registration statement filed during the course of the proceedings below only listed one partner and did not provide certain site management information. We disagree and conclude that dismissal for this reason was unwarranted.
Contrary to that determination of the court below, it cannot be reasonably said that landlord fatally failed to comply with applicable registration requirements (Multiple Dwelling Law § 325 [2]; Administrative Code of City of NY § 27-2098 [a]; § 27-2107 [b]; 22 NYCRR 208.42 [g]), rendering the petition jurisdictionally defective. The purpose of the registration statutes is to "enable tenants and governmental authorities to readily contact owners or persons responsible for the operation of multiple dwellings” (Whitehall Apts. Co. v Zeigler, NYLJ, Jan. 26, 1993, at 22, col 1 [App Term, 1st Dept]).
Here, the registration statement filed with the Department of Housing Preservation and Development (DHPD) recites relevant information concerning the name, address and telephone number of the owner partnership, the name, residence, business address and telephone number of the partnership’s sole general partner (Nason Gordon), the name, residence, business address and telephone number of the designated managing agent responsible for maintenance of the building premises and the name and confidential 24-hour emergency telephone number of landlord’s representative. Since the chief infirmity in the registration statement (namely, the omission of the name and telephone number of the superintendent or building manager who can also be contacted in the event of an emergency) is capable of correction by amendment and the statutory purpose of the registration requirement was satisfied, the second nonpayment proceeding should not have been dismissed on that ground (Krax Perapatie Apanu Stu Krokodrilos Tus Platos v Hardy, NYLJ, Apr. 6, 1988, at 11, col 1 [App Term, 1st Dept]). We also note that the court below improperly required the registration statement of the owner partnership to include the names of three partners, when, in the circumstances, the only name listed (that of the sole general partner) sufficed (see generally, Department of Hous. Preservation & Dev. v 351 E. 152nd St. Co., NYLJ, Oct. 18, 1993, at 33, col 6 [App Term, 1st Dept]).
*734 Turning to the merits of the remaining branches of tenant’s cross motion, which were not reached in the decision below, but briefed on appeal, petitioner partnership was a proper party entitled to maintain this proceeding pursuant to RPAPL 721 (1) (30 Ellwood St. Assocs. v Aquerre, NYLJ, Apr. 11, 1988, at 16, col 1 [App Term, 1st Dept]; KRF Mgt. Co. v Bartle, NYLJ, Oct. 19, 1987, at 9, col 2 [App Term, 1st Dept]) and was a viable entity (see generally, Partnership Law §§ 121-202, 121-801[d] [1]; see also, Elghanayan v Elghanayan, 190 AD2d 449, 454; Burger, Kurzman, Kaplan & Stuchin v Kurzman, 139 AD2d 422, 423-424, lv denied 74 NY2d 606).
As for tenant’s first affirmative defense, absent proof of landlord’s unreasonable delay in instituting the proceeding and prejudice to the tenant, landlord’s rent claim was not stale, nor barred by laches (see generally, Monroe, Inc. v Nemeth, NYLJ, Oct. 25, 1994, at 25, col 1 [App Term, 1st Dept]; Valrose Realty Co. v DeWinter, NYLJ, Aug. 30, 1991, at 17, col 3 [App Term, 1st Dept]; Thunderbird Realty Co. v Ahn, NYLJ, Nov. 19, 1981, at 11, col 1 [App Term, 1st Dept]).
Additionally, the second affirmative defense/fifth counterclaim of retaliatory eviction (Real Property Law § 223-b[4]) is not properly interposed in a nonpayment proceeding (see generally, Merit Mgt. Co. v Ruscio, NYLJ, Feb. 4, 1992, at 21, col 2 [App Term, 1st Dept]; Ridgefield Apts. Assn. v Krakower, NYLJ, June 11, 1990, at 32, col 1 [App Term, 9th & 10th Jud Dists]). Nor is there proof in the record that tenant was constructively evicted from the interior bathroom due to asbestos and lead paint in the air vent (tenant’s fourth affirmative defense) (see generally, Minjak Co. v Randolph, 140 AD2d 245, 248-249). Furthermore, the dismissal of the initial 1993 nonpayment petition "without prejudice” defeats any preclusion argument that landlord’s commencement of the instant 1994 nonpayment proceeding is barred by the doctrines of collateral estoppel and res judicata (fifth affirmative defense).
Tenant’s second counterclaim for punitive damages for breach of the warranty of habitability must be stricken as well, since no facts have been alleged indicating that landlord’s conduct rose to the level of moral culpability or criminal indifference to civil obligations (Walker v Sheldon, 10 NY2d 401, 404-405; see generally, Minjak Co. v Randolph, supra, 140 AD2d, at 249; GSL Enters. v Bercovici, NYLJ, June 23, 1994, at 28, col 5 [App Term, 1st Dept]). To the extent that tenant also seeks damages traditionally within the scope of tort liability (fourth counterclaim), those property damage claims are more *735 appropriately tried outside the limited sphere of landlord-tenant proceedings (610 W. 142nd St. Owners Corp. v Braxton, 140 Misc 2d 826, 827 [App Term, 1st Dept]). Finally, tenant’s sixth counterclaim for rent overcharges is unsupported by the record since landlord never collected any overcharge in rent. To the extent that the second nonpayment petition inadvertently encompasses arrears dating back to the 12-month period beginning November 1992, based upon a lease renewal rent guidelines increase effective November 16, 1993, this misstatement can be corrected in the proceedings below by amendment to the petition. Accordingly, we have granted landlord’s cross motion to strike the jurisdictional defenses, affirmative defenses and counterclaims enumerated above.
In light of our disposition reinstating the second nonpayment petition, landlord’s appeal from the order dated August 16, 1993, granting tenant’s motion to dismiss the first nonpayment petition on jurisdictional grounds is rendered moot.
Parness, J. P., and Miller, J., concur.