OPINION OF THE COURT
Adam Seiden, J.
Claimant brought this proceeding to recover $3,000 for alleged breach of the warranty of habitability in regard to an apartment located at 332 Highland Avenue, Mount Vernon, New York. On September 1, 1994 claimant moved into a third floor apartment at said address. Claimant paid $700 per month pursuant to an oral agreement. The parties disagree as to *342 whether the arrangement was month to month or for a period of time. The issue is not important as the warranty of habitability is applicable to the relationship in either event. (See, Real Property Law § 235-b [1].)
On May 3, 1995, the Department of Buildings of the City of Mount Vernon issued a violation notice against the premises claiming that the third floor apartment was illegal and violated the two-family dwelling certificate of occupancy. The claimant vacated the apartment on July 18, 1995.
During his testimony, claimant stated that he received electric service, heat, water service and the apartment was basically free from leaks. Indeed, he testified to no adverse conditions in the apartment. The issue, therefore, is whether a notice of violation declaring the subject premises illegal because the apartment violates the certificate of occupancy, in and of itself, is a violation of the warranty of habitability.
Real Property Law § 235-b (1) states in pertinent part: "In every written or oral lease or rental agreement for residential premises the landlord or lessor shall be deemed to covenant and warrant that the premises so leased or rented * * * are fit for human habitation and for the uses reasonably intended by the parties and that the occupants * * * shall not be subjected to any conditions which would be dangerous, hazardous or detrimental to their life, health or safety.”
The leading case in this area of law is Park W. Mgt. Corp. v Mitchell (47 NY2d 316, 328 [1979]). In that case the Court of Appeals noted that each case must turn on its own peculiar facts. The Court also opined that a violation of an applicable housing code, in and of itself, does not constitute an automatic breach of the warranty. Chief Judge Cooke, for the Court stated: "Thus, once a code violation has been shown, the parties must come forward with evidence concerning the extensiveness of the breach, the manner in which it impacted upon health, safety or welfare of the tenants * * * Threats to the health and safety of the tenant — not merely violation of the codes — determines the reach of the warranty of habitability.”
Reviewing the facts of the case at bar, in light of the legal principles enunciated in Real Property Law § 235-b (1) and Park W. (supra), it is clear that this case must be dismissed. A notice of violation alleging that the subject apartment is illegal is insufficient, in and of itself, to hold there is a violation of the warranty. The code violation relied on by claimant does not automatically mean that there are any violations which negatively impact on the health, safety or life of the tenant. On fur *343 ther inquiry, we note that claimant himself testified that the conditions in the premises with regard to heat, light, water, etc., were fine.
As a result of the foregoing, the claim is dismissed.