■ LAURENCE B. MOLLOY, JR., et al., Appellants, v LINDA W. LI et al., Respondents, et al., Defendants. [652 NYS2d 964] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered November 15, 1995, which granted defendants' motion for summary judgment to the extent of dismissing the first eight causes of action, unanimously modified, on the law, to the extent of denying the motion with respect to the second, fourth and sixth causes of action, and reinstating said causes of action, and otherwise affirmed, without costs.

The motion court improperly dismissed the second cause of action against all of the defendants because the complaint and supporting documents raised issues as to whether the Lis had notice of the presence of hazardous levels of airborne asbestos, and whether such asbestos proximately caused damage to plaintiff's personal property as reported by a defense expert who purportedly extracted a clump of asbestos from a rug which had been in the house (see, Bronx County Public Adm'r v New York City Hous. Auth., 182 AD2d 517). In addition, there is an unresolved issue as to whether defendant McCoy was negligent in undertaking to service the furnace and heating

systems such as to expose plaintiffs, as the intended benefici-
aries of the contract between the Lis and McCoy, to an unreason-
ably heightened risk of asbestos exposure (*Palka v Servicemas-
ter Mgt. Servs. Corp.*, 83 NY2d 579). The fourth cause of action
similarly should have been sustained because there is an
outstanding factual issue as to whether the defendant landlord,
Linda Li, breached the warranty of habitability by allowing
hazardous levels of asbestos to remain in the property (Real
Property Law § 235-b; *see, Solow v Wellner*, 86 NY2d 582, 588-
589; *cf., 390 W. End Assocs. v Raiff*, 166 Misc 2d 730, 734). The
sixth cause of action also should have survived this motion for
summary judgment because the defendant landlord has not
refuted the evidence that plaintiffs were denied access to the
house to remove their property. This claim should not have
been precluded by the tenth cause of action, which alleged
damages caused by careless packing and moving (CPLR 3014).

We note that while we are in agreement with the motion
court's dismissal of the fifth cause of action, we uphold such
dismissal on the ground that this claim was unsupported by
substantive proof of economic damage. Concur—Rosenberger,
J. P., Ellerin, Wallach, Tom and Mazzarelli, JJ.