*353 OPINION OF THE COURT
Memorandum.
Judgment unanimously affirmed with $30 costs.
The underlying facts are accurately set forth in the opinion of the court below (183 Misc 2d 666). While we are generally in agreement with the lower court’s analysis and conclusions of law, a few clarifications and corrections are required. In our view, section 223-b of the Real Property Law applies to nonpayment proceedings under this type of fact pattern. A nonpayment proceeding is a “summary proceeding to recover possession of real property” (Real Property Law § 223-b [1]), as evidenced by RPAPL 711 being included in article 7 of said law, entitled “Summary Proceeding to Recover Possession of Real Property.” Moreover, the claim of retaliation is not being made by way of a defense, which would be barred by section 223-b (5) (c) of the Real Property Law but by way of a counterclaim, which is apparently permissible under subdivision (3) of section 223-b. In addition, while the Appellate Term, First Department, in 390 W. End Assocs. v Raiff (166 Misc 2d 730, 734), did state that “the second affirmative defense/fifth counterclaim of retaliatory eviction (Real Property Law § 223-b [4] ) is not properly interposed in a nonpayment proceeding,” one of the cases it cites in support of that proposition was from the Appellate Term for the 9th and 10th Judicial Districts (Ridgefield Apts. Assn. v Krakower, NYLJ, June 11, 1990, at 32, col 1), in which the court held that “[i]n affirming the judgment, we note that tenant admitted owing the rent in question and that retaliatory eviction is not a defense to a nonpayment proceeding” (emphasis added). We conclude that the only bar in section 223-b regarding retaliatory eviction is the one where a tenant would choose to use that claim as a defense to avoid paying rent due and owing. Where, as here, there never was any rent due and owing, and where landlord had no explanation for three “frivolous” nonpayment proceedings commenced over a three-year period, this conduct, in the absence of any explanation, can be construed as retaliatory for tenant’s actions as president of the tenant’s association. In addition, the award of $3,000 as damages for three separate nonmeritorious nonpayment proceedings appears to be proper (cf., CPLR 5501 [c]).
Contrary to the lower court’s finding, we note that the presumption of retaliation found in Real Property Law § 223-b (5) has no application to the facts of this case since the grava *354 men of the wrong herein was based on landlord’s violation of section 223-b (1) (c). Moreover, said presumption, found in section 223-b (5), by its own terms does not apply to a nonpayment proceeding.
We note that no appeal has been taken by landlord from the separate judgment which awarded tenant the sum of $156.36 on his counterclaim for breach of the warranty of habitability.
Scholnick, P. J., Aronin and Patterson, JJ., concur.