Spector v Toys "R" Us (2004 NY Slip Op 50162(U))

[*1]

Spector v Toys "R" Us

2004 NY Slip Op 50162(U)

Decided on March 22, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 22, 2004

Supreme Court, Nassau County
 RUTH SPECTOR, on behalf of herself and all others similarly situated, Plaintiff,
against
TOYS "R" US, INC., Defendant.
INDEX NO. 16479-03

COUNSEL FOR PLAINTIFF
Wolf Popper LLP
845 Third Avenue
New York, New York 10022-6601
COUNSEL FOR DEFENDANT
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
New York, New York 10020

LEONARD B. AUSTIN, J.
The following papers were read on Defendant's motion to join Chase Manhattan Bank USA, N.A. as an additional Defendant as a stay discovery pending a determination of this motion:
Notice of Motion dated February 4, 2004;
Affidavit of Debra Regan sworn to on February 3, 2004;
Affirmation of Joel S. Tennenberg, Esq. dated February 3, 2004;
Defendant's Memorandum of Law;
Transcript of Oral Argument on February 26, 2004;
Affidavit of Michele Fried Raphael sworn to on March 3, 2004;
Plaintiff's Memorandum of Law;
Defendant's Reply Memorandum of Law.
BACKGROUND [FN1]
[*2]
This class action litigation was commenced by the filing of the summons and complaint with the Nassau County Clerk on October 31, 2003. The putative class includes holders of Toys "R" Us credit cards, which are "backed by Chase Manhattan Bank USA," ("Chase Manhattan") who claim consumer fraud under General Business Law ("GBL") §349.
The complaint alleges that under a program entitled Toys "R" Us Rewards Program that Toys "R" Us credit cardholders will receive certain rebates by virtue of purchases at Toys "R" Us, Kids "R" Us, Babies "R" Us and Imaginarium Stores ("Toys "R" Us stores") in the United States and Puerto Rico. Other use of these Visa or Mastercard credit cards would also result in credits to the cardholders in their awards program account. Once sufficient credits are earned, the cardholder is entitled to rewards which are called "Geoffrey Rewards Coupons" or "Geoffrey Dollars". The rewards are earned at the rate of a four (4%) percent rebate on merchandise purchased at any of the Toys "R" Us stores and a one (1%) percent rebate for all other purchases based upon the monthly balance on the card.
Based upon the amount of rebates earned by the cardholder, Geoffrey Reward
Coupons are issued in $10.00 multiple denominations for use at any of the Toys "R" Us stores.
The crux of Plaintiff's complaint is that upon making a purchase at a Toys "R" Us store utilizing Geoffrey reward coupons, the Toys "R" Us store cash registers automatically reduce the value of the item purchased by the proportion of the coupons utilized. Thus, for example, a $40.00 item which is purchased by use of a $20.00 Geoffrey reward coupon and $20.00 cash (without consideration of sales tax) will receive a receipt which reflects only the $20.00 cash payment as part of a gift receipt. Thus, upon the return of such item, the Geoffrey reward coupon value is deducted and lost.
By virtue of this policy by Toys "R" Us, Plaintiff claims that Toys "R" Us is: guilty of use of deceptive practices in violation of GBL § 349 (1st cause of action); in breach of the contract with cardholders with respect to the rebates (2nd cause of action); in violation of its duty of good faith and fair dealing (3rd cause of action); unjustly enriched (4th cause of action); and guilty of conversion (5th cause of action).
After several extensions of time granted by counsel for Plaintiff, issue has not yet been joined. During the most recent extension of time, the instant motion has been made to join Chase Manhattan as a party defendant herein.
The gravamen of Defendant's argument with regard to including Chase Manhattan as a party defendant herein is that by not suing Chase Manhattan, Plaintiff is avoiding the arbitration clause set forth in the underlying card member agreement. If Chase Manhattan were, in fact, a party defendant herein, Toys "R" Us urges that Chase
Manhattan would then be able to compel arbitration and avoid the class action suit herein.
DISCUSSION
A.General
The sole question before the Court is whether Chase Manhattan is, in fact, a necessary party as defined in CPLR 1001(a) which provides, in pertinent part, "[p]ersons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably effected by a judgment in the action shall be made plaintiffs or defendants." Joinder is mandatory under CPLR 1001(a) where (1) the party to be included is necessary if complete relief is to be accorded between the persons who are then parties to the action; or (2) the unnamed party might be inequitably affected by a judgment in the action. See, [*3]Castaways Motel v. Schuyler, 24 N.Y. 2d 120, 125 (1969), cited with approval in, New York County Lawyers' Assn. v. State of New York, 192 Misc. 2d 424, 427 (Sup. Ct., NY Co. 2002).
Certainly, compulsory or mandatory joinder should be enforced so that there is not a multiplicity of litigations and non-parties can be protected if they have a material interest in the subject matter. See, 27th Street Block Assoc. v. Dormitory Auth. of the State of New York, 302 A.D. 2d 155, 160 (1st Dept, 2002), which held that compulsory joinder provisions are intended not merely to provide procedural convenience but to
implement a requisite of due process the opportunity to be heard before one's rights or interests are adversely affected.
In determining whether a party is necessary for joinder is left to the sound discretion of the courts. See, Miller v. Keeffe, 164 A.D. 2d 933 (2nd Dept. 1990). In exercising its discretion, it must be remembered that CPLR 1001 should be "liberally construed". Gross v. BFH Co., 151 A.D. 2d 452 (2nd Dept. 1989).
B.Availability of Complete Relief without Chase Manhattan as a Party
Toys "R" Us argues that under the Cobranded Agreement dated May 1, 1995, Chase Manhattan is responsible for creating the program and the policies under which the rewards program functions. That is, the amount of rebates and reward coupons earned by Plaintiff as a cardholder is controlled and determined by Chase Manhattan; not Toys "R" Us.
Although it was not annexed to the moving papers, the Cobranded Agreement was submitted by Plaintiff.[FN2] A review of the Cobranded Agreement leads to serious doubts as to whether Chase Manhattan is a necessary party so as to afford complete relief herein since it is Toys "R" Us which is responsible for training its own personnel regarding the rewards program. (Cobranded Agreement § 2.2 [b]). Further, it is not at all clear that Toys "R" Us even enjoys a right of indemnity for claims such as those presented here. See, Cobranded Agreement § 6.1 (c) which requires Toys "R" Us to indemnify Chase Manhattan for losses arising out of "(i) any actual or alleged act or practice or failure to act by Geoffrey or any of its officers, employees and agents in performing its obligations hereunder. . ." Further, the Cobranded Agreement defines the relationship of the parties as independent contractors; not joint venturers. (Cobranded Agreement § 8.5).
The issues presented in the complaint do not address Chase Manhattan's administration of the program or its issuance of Geoffrey rewards coupons. Rather, the crux of Plaintiff's claim is that in the administration of the program and its application at the Toys "R" Us stores, Defendant is failing and refusing to give appropriate credit and properly apply the rebate coupons. Indeed, GBL § 349 provides, in pertinent part, "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in the state are hereby declared unlawful." (Emphasis added). Section 6.1 (a) of the Cobranded Agreement renders Toys "R" Us liable for indemnification by Chase Manhattan for a claim by any customer or cardholder "associated with or relating to a product sold or service offered by Toys ["R Us"].
In reviewing the complaint and considering the oral argument herein, it is clear that [*4]Plaintiff's complaint is not addressed to Chase Manhattan's operation or application of the rebate program. Rather, the complaint addresses the manner in which the program is applied at Toys "R" Us stores by its cashiers and employees and the failure to give due credit for rebate coupons in its gift receipts. Based upon the allegations herein, there is little doubt but that complete relief can be had by Plaintiff against Toys "R" Us without inclusion of Chase Manhattan. See, Joanne S. v. Carey, 115 A.D. 4, 9 (1st Dept. 1986), which held that, in the absence of legal claims or factual assertions, "nonjoinder will not prevent Plaintiffs from obtaining full relief."
To the extent that Defendant attempts to point to the materials relating to the rebate program as being the genesis of Plaintiff's claim which does not at all seem reasonable, at this time Toys "R" Us bears equal responsibility since it is obligated to review and approve Chase Manhattan marketing material which bears a Toys "R" Us trademark (Cobranded Agreement § 3.7 [a][ii]) as well solicitation material which does not contain any licensed material marks. (Cobranded Agreement § 3.8).
Toys "R" Us' suggestion that inasmuch as the contract is between Chase Manhattan and Plaintiff, as the cardholder, Chase Manhattan is a necessary party is without merit. Except in conclusory terms, Toys "R" Us has failed to identify a single aspect of the Chase Manhattan operation vis-a-vis the rebate program or its contract with Plaintiff or other members of the putative class which has been breached. The devaluation of the Geoffrey reward coupons appears not to be by Chase Manhattan in its issuance of its coupons but rather by Toys "R" Us in its application of them at the Toys "R" Us stores.
Thus, it appears that complete relief for Plaintiff can be had via this action solely against Toys "R" Us. Certainly, with regard to Plaintiff, this is true. At oral argument, counsel for Toys "R" Us, was unable to identify how Toys "R" Us is prejudiced by the failure to include Chase Manhattan herein other than the arbitration clause since it is more than able to move forward with this litigation by including Chase Manhattan as a third party Defendant on an indemnity claim, if at all.
Significantly, the argument of Defendant seeking inclusion of Chase Manhattan does not arise from a failure of equity or law but rather a desire to hide behind the arbitration clause of a seemingly non-defaulting party. For various reasons, Defendant's approach and argument are insufficient to demonstrate how the non-joinder of Chase Manhattan will negate complete relief to the parties herein.
New York has a liberal policy favoring arbitration where the parties have agreed to resolve their disputes by arbitration. See e.g., Exercycle Corp. v. Maratta, 9 N.Y. 2d 329, 334 (1961). Nevertheless, Toys "R" Us has failed to demonstrate that the claims prosecuted by Plaintiff herein are even arbitrable since the subject matter of this claim does not relate to Chase Manhattan's execution of the rewards program or the maintenance of Plaintiff's account. Unless an "agreement to arbitrate expressly and unequivocally encompasses the subject matter of the particular dispute, a party cannot be compelled to forego the right ro seek judicial relief and instead submit to arbitration". Bowner v. Bowner, 50 N.Y. 2d 288, 293 (1980). See also, Sammarco v. Persi-Cola Bottling Co. of New York, Inc., 1 A.D. 3d 341 (2nd Dept. 2003).
This rule has also been applied in circumstances similar to those found here. In McNulty v. H & R Block, Inc., A. 2d , 2004 WL 351782 (Pa. Super. Ct.), the defendant tax preparers sought to have the plaintiff taxpayers suits arbitrated under a separate contract with the bank financing the tax refund prior to its issuance by the Internal Revenue Service. The Superior [*5]Court held that the dispute relating to unnecessary fees charged by the tax preparer was not within the scope of the arbitration agreement between the taxpayers and the bank. The same result follows in this case.
The arbitration clause in the cardmember agreement between Plaintiff and Chase Manhattan, by its terms, eliminates the possibility of arbitration if Defendant's motion is granted and Chase Manhattan is added as a party defendant herein. Under paragraph 2 of the "Arbitration Agreement" section of the card- member agreement , it states, in pertinent part:
Notwithstanding the foregoing, a claim may be resolved by litigation and is not subject to arbitration under this Arbitration Agreement if (1) the only remedy that will be sought by either of the parties is monetary damages; (2) neither party will seek a recovery in excess of $25,000.00, excluding interest, costs and fees; and (3) the only parties to the litigation will be you and us. (Emphasis added).
Accordingly, by adding Chase Manhattan to this litigation, arbitration is no longer a viable option since Plaintiff seeks declaratory and injunctive relief as well as money damages and the litigation will involve more than Plaintiff, the cardholder, and Chase Manhattan.
Thus, Defendant's reliance on Johnson v. Chase Manhattan Bank, USA, N.A., 2 Misc. 3d 1003(A) (Sup. Ct., NY Co. 2004) is misplaced for two reasons. First, in Johnson, the plaintiff is a cardholder suing Chase Manhattan on behalf of a putative class of similarly situated cardholders with regard to a promotional offer to charge a lower annual percentage rate than the finance charges rates on cash advances. The Johnson plaintiffs claimed that less than full payments were first applied to the lower rate obligations leaving balances not subject to the promotion accruing at much higher rates. Pursuant to applicable Delaware law, the cardholder agreement was unilaterally amended to add an arbitration agreement similar to the one at bar. The Johnson Court held that the Plaintiff class was bound by the arbitration agreement and that a class arbitration pursuant to that agreement and the Federal Arbitration Act was the sole avenue of redress. Second, it must be remembered that the only parties to the Johnson action are cardholders and Chase Manhattan. All of whom are subject to the arbitration agreement. Here, with Toys "R" Us, a stranger to the cardholder agreement, arbitration is unavailable to Chase Manhattan, in any event.
It is thus clear that including Chase Manhattan as a party will negate the arbitration agreement between Plaintiff and Chase Manhattan. Plaintiff cannot be compelled to arbitrate with Toys "R" Us in the absence of a clear and unambiguous agreement to do so (Bowner v. Bowner, supra; and Sammarco v. Pepsi-Cola Bottling Co. of New York, Inc., supra) and there is no binding agreement to arbitrate here. Therefore, Toys "R" Us cannot avoid this litigation via the hope of boot strapping the inapplicable Chase Manhattan arbitration agreement.
C.Equitable Affect Upon Chase Manhattan
For this reason, Toys "R" Us' argument that Chase Manhattan may be equitably affected by a judgment of this action is also without merit. Any action to be taken by Plaintiff herein will result in a judgment against Toys "R" Us which potentially can be indemnified by Chase Manhattan to the extent of its liability for wrongdoing, if any, under the Cobranded Agreement and cardholder agreement in the event that Toys "R" Us can demonstrate such breach. Contrary to Defendant's arguments, as to the facts and circumstances of this case, Chase Manhattan does not play a central role in this dispute. Nor will it suffer adverse practical or equitable affects by a judgment which may be entered herein since it does not appear to have any "material interest [*6]in the subject matter" of this litigation. New York County Lawyers' Assn. v. State of New York, supra at 427; and Joanne S. v. Carey, supra at 7. Defendant's reliance upon Chase Manhattan's administration of the program does not appear to be the real issue in this case. Indemnification under a third party action, if possible, would do no violence to protecting the rights of Plaintiff and Toys "R" Us in this litigation.
Inasmuch as Toys "R" Us has failed to demonstrate, in non-conclusory terms, how Chase Manhattan breached its contractual agreement with either Plaintiff or Toys "R" Us, the motion to join Chase Manhattan as a party defendant must be denied. The claim for indemnity under the Cobranded Agreement can be heard and determined as part of this litigation by an impleader action on the part of Toys "R" Us or a separate plenary. Thus, no prejudice can be discerned from the denial of this motion.
D.Protective Order
With regard to the question of discovery and a protective order, the application shall be granted to the extent that counsel for the parties shall appear for a Preliminary Conference and establish a discovery schedule satisfactory to them and the Court. Since a confidentiality agreement between the parties is now in place, discovery can proceed apace. By the time of the preliminary conference scheduled herein, the third party action against Chase Manhattan will have been served, if Toys "R" Us is so advised.
Accordingly, it is,
ORDERED, that Defendant's motion to join Chase Manhattan Bank USA, N.A. as a party defendant herein is denied; and it is further,
ORDERED, that Defendant shall have forty-five (45) days from the date of this Order to serve a third party action against Chase Manhattan Bank USA, N.A. for indemnification and/or any other relief that deems appropriate along with a copy of this Order scheduling a Preliminary Conference; and it is further,
ORDERED, that Defendant's motion for a protective order is granted to the extent that a Preliminary Conference is hereby scheduled for May 20, 2004 at 9:30 a.m. at which time all counsel shall appear for the purpose of scheduling discovery herein.
This constitutes the decision and Order of the Court.
 March 22, 2004 Hon. LEONARD B. AUSTIN, J.S.C.
Decision Date: March 22, 2004
Footnotes

Footnote 1:Prior to the return date of this motion, issues relating to the need for a confidentiality agreement arose. Thus, Plaintiff did not, at that time submit opposition to the motion. By agreement of counsel, this Court heard oral argument and accepted post-submission memoranda of law from both sides. 

Footnote 2:The Cobranded Agreement has been submitted under seal pursuant to the Confidentiality Agreement entered into between counsel for the parties and
"so-ordered" by this Court on March 4, 2004; after the initial submission of this motion.