■ WITHERBEE COURT ASSOCIATES, Respondent, v HELENA GREENE, Appellant. [777 NYS2d 200]—

In an action to recover damages for nonpayment of rent, the defendant appeals from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered October 23, 2002, which, upon a jury verdict, and upon the granting of those branches of the plaintiff's motion pursuant CPLR 4401 which were for judgment as a matter of law dismissing the first through tenth counterclaims, in effect, dismissed those counterclaims, and is in favor of the plaintiff and against her in the principal sum of $15,438.40.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof, in effect, dismissing the fifth counterclaim, and (2) deleting the provision thereof which is in favor of the plaintiff and against the defendant in the principal sum of $15,438.40; as so modified, the judgment is affirmed, without costs or disbursements, that branch of the motion which

was for judgment as a matter of law dismissing the fifth counterclaim is denied, the fifth counterclaim is reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a new trial to determine whether the plaintiff breached the warranty of habitability, and, if so, the amount by which the defendant's rental arrears should be abated.

The defendant and her husband, Lawrence Greene, have resided in an apartment in Pelham Manor since 1991. The premises, owned by the plaintiff, were converted into condominiums named "Witherbee Court," in 1994 pursuant to a non-eviction plan. The defendant did not purchase the apartment, but remained in possession as a "non-purchasing tenant" (General Business Law § 352-EEE [1] [e]), most recently paying a rent of $2,150 per month plus $44.80 per month for a parking space.

In 1998 the plaintiff tendered a renewal lease with a rent of $2,400 per month and a $44.80 per month parking fee. In view of what the defendant perceived to be an unwarranted increase in rent for an allegedly deteriorating apartment coupled with the plaintiff's reported failure or refusal to respond to her complaints and rectify the defects, she declined to execute the new lease. She initially continued to pay rent at the prior rate and later became, upon expiration of that tenancy, a month-to-month tenant (*see* Real Property Law § 232-c).

On or about October 1, 1999, the defendant began withholding rent and, following the June 2000 sale of the defendant's unit to a nonparty, the plaintiff filed this nonpayment action. Its amended complaint sought judgment in the amount of eight months in rental arrears (October 1999 through May 2000) and parking fees at the rate contained in the proposed renewal lease or $19,558.40, plus counsel fees. The defendant's answer interposed 11 counterclaims including, but not limited to, breach of the warranty of habitability (*see* Real Property Law § 235-b) and retaliatory eviction (*see* Real Property Law § 223-b). Her final counterclaim demanded a $2,150 judgment or set-off representing the amount of a security deposit retained by the plaintiff. The case was tried before a jury and, upon the close of evidence, the Supreme Court granted that branch of the plaintiff's motion pursuant to CPLR 4401 which was for judgment as a matter of law on its claim for unpaid rent and parking fees, dismissed the defendant's initial 10 counterclaims, and awarded her judgment as a matter of law on the remaining counterclaim.

Pursuant to Real Property Law § 235-b, every residential lease contains an implied warranty of habitability which

"protects only against conditions that materially affect the health and safety of tenants or deficiencies that 'in the eyes of a reasonable person . . . deprive the tenant of those essential functions which a residence is expected to provide' " (*Solow v Wellner,* 86 NY2d 582, 588 [1995] quoting *Park W. Mgt. Corp. v Mitchell,* 47 NY2d 316, 327 [1979], *cert denied* 444 US 992 [1979]). While the warranty applies to month-to-month tenancies such as the defendant's (*see Department of Hous. Preserv. & Dev. of City of N.Y. v Sartor,* 109 AD2d 665 [1985]; *Bey v Thomas,* 166 Misc 2d 341 [1995]), any potential rent abatement therefore does not extend to the defendant's ancillary parking expense. Since the applicable statute of limitations is six years (*see* CPLR 213 [2]; *Sprague v Luna Park Co-op,* 83 AD2d 877, 878 [1981]), the defendant's claim is not restricted to the eight-month period for which the plaintiff seeks rental arrears.

A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted where the trial court determines that, upon the evidence presented, there is no rational process by which a jury could find in favor of the nonmoving party (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*Szczerbiak v Pilat, supra* at 556; *C.K. Rehner, Inc. v Arnell Constr. Corp.,* 303 AD2d 439, 440 [2003]; *Wong v Tang,* 2 AD3d 840 [2003]).

In this instance, viewing the facts in the light most favorable to the defendant, the evidence adduced at trial was sufficient to establish a prima facie case for breach of the warranty of habitability. The defendant testified, and submitted several photographs documenting her claim, inter alia, that some radiators and the oven were broken, a bathroom sink, the kitchen sink, and a toilet were not fully operational, the tile floor in the kitchen was "coming up," there was water damage to the ceiling and walls, and several windows were cracked. Thus, there was sufficient evidence in the record to permit a rational fact-finder to conclude that the warranty of habitability had been breached (*see Sazer v Marino,* 280 AD2d 537, 538 [2001]; *Smith v Maya,* 1999 WL 1037917 [1999]; *601 W. 160 Realty Corp. v Henry,* 183 Misc 2d 666, 671 [2000], *affd* 189 Misc 2d 352 [2001]). Accordingly, the Supreme Court erred in granting those branches of the plaintiff's motion pursuant to CPLR 4401 which were for judgment as a matter of law on its claim for rental arrears and dismissal of the fifth counterclaim.

However, the Supreme Court properly dismissed the first

through fourth and sixth through tenth counterclaims. There is no credible evidence of retaliatory eviction in the record (*cf. 601 W. 160 Realty Corp. v Henry, supra*). Similarly, "[t]o establish a breach of the covenant of quiet enjoyment, a tenant must show either an actual or constructive eviction" (*Grammer v Turits,* 271 AD2d 644, 645 [2000]; *Kaniklidis v 235 Lincoln Place Hous. Corp.,* 305 AD2d 546, 547 [2003]). Nor did the plaintiff's alleged actions or inactions amount to a private nuisance (*see Kaniklidis v 235 Lincoln Place Hous. Corp., supra* at 547).

The defendant's remaining contentions are without merit. Prudenti, P.J., Altman, Luciano and Adams, JJ., concur.