■ RUTH SPECTOR, Respondent, v TOYS "R" US, INC., Appellant. [784 NYS2d 153]—

In a class action, inter alia, to recover damages for consumer fraud, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.) dated March 22, 2004, as denied its motion pursuant to CPLR

1001 (a) to join Chase Manhattan Bank, U.S.A., N.A., as a party defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1995 the defendant toy retailer and the Bank of New York (Delaware) (hereinafter BNYD) entered into a Cobranded Credit Card Agreement (hereinafter the Cobranded Agreement) pursuant to which BNYD began issuing Visa credit cards bearing the defendant's logo. The Cobranded Agreement was assigned in 1997 to Chase Manhattan Bank USA, N.A. (hereinafter Chase), the entity that the defendant seeks to join in this action.

The complaint alleged that the defendant and its affiliated stores engaged in a practice involving the utilization of rebate coupons known as Geoffrey Rewards Coupons. These coupons were awarded to Visa cardholders based on a percentage of purchases at the participating retail outlets. The plaintiff alleged that where purchases were made, in whole or part, using the coupons, the gift receipt issued by the cash register excluded the value of the coupons from the purchase. Rather than reflecting a dollar amount, the gift receipt contained a bar code. Thus, where gift receipts were presented upon an item being returned, the person presenting it would receive an amount less than that paid for the item.

The Supreme Court providently exercised its discretion in denying the defendant's motion for joinder of Chase (*see Martin v Ronan,* 47 NY2d 486 [1979]). The defendant failed to demonstrate that Chase needed to be a party if complete relief is to be accorded between the plaintiff and the defendant (*see* CPLR 1001 [a]; *Joanne S. v Carey,* 115 AD2d 4 [1986]). The defendant also failed to demonstrate that Chase will be inequitably affected by a judgment in this action absent its joinder (*see Castaways Motel v Schuyler,* 24 NY2d 120 [1969]).

In light of our determination, we do not reach the defendant's remaining contentions. Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur. [*See* 2 Misc 3d 1006(A), 2004 NY Slip Op 50162(U) (2004).]