HAROLD WARREN et al., Respondents, v CITY OF NEW YORK, Appellant. [791 NYS2d 650]—

In an action pursuant to General Municipal Law § 205-e to recover damages for personal injuries, etc., the defendant ap-

peals from a judgment of the Supreme Court, Kings County (R. Rivera, J.), entered February 6, 2003, which, inter alia, upon a jury verdict, and an order of the same court dated June 4, 2002, among other things, denying that branch of its motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiff Harold Warren and against it in the principal sum of $749,999.99, and is in favor of the plaintiff Norvetta Warren and against it in the principal sum of $50,000.

Ordered that the judgment is reversed, on the law, with costs, so much of the order dated June 4, 2002, as denied that branch of the defendant's motion which was pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law is vacated, that branch of the motion is granted, and the complaint is dismissed.

The plaintiff Harold Warren (hereinafter the plaintiff), a police officer, allegedly sustained a head injury during the course of an arrest, and instituted this action against the City of New York, claiming violation of General Municipal Law § 205-e. The plaintiff alleged that while attempting to assist in the arrest of a suspect, a fellow officer exercised excessive force by "violently" swinging a metal "mag" flashlight which struck the plaintiff in the head and injured him. The plaintiff further alleged that his fellow officer's actions violated various provisions of the Penal Law. The fellow officer was not identified, and no criminal charges were brought. The jury found that the fellow police officer violated Penal Law § 120.05 (assault in the second degree) and Penal Law § 120.20 (reckless endangerment in the second degree) in the process of arresting the suspect, and that each of these violations was reasonably connected to the injuries suffered by the plaintiff. We reverse.

Contrary to the City's contention on appeal, the City was not entitled to judgment solely because no criminal charges were brought against the fellow police officer (*see McCormick v City of New York*, 2 NY3d 352 [2004]). Nevertheless, under the facts of this case, the City was entitled to judgment notwithstanding the verdict. In *McCormick v City of New York (supra* at 366) the Court of Appeals stated:

"General Municipal Law § 205-e liability is based on violation of a law that imposes 'clear duties,' which cautions against predicating a section 205-e claim on *alleged* Penal Law violations that implicate the justification defense. Mindful of the Legislature's direction that we construe section 205-e broadly, however, we conclude that a conviction is not necessary to find a violation of the Penal Law for purposes of section 205-e li-

ability. Nonetheless, because the provisions that plaintiff claims were violated require proof beyond a reasonable doubt and even then, otherwise criminal conduct is excused if justified, her burden is substantial in the absence of a conviction.

"We hold that where no criminal charges have been brought against a section 205-e defendant, a rebuttable presumption exists that the Penal Law has not been violated."

In the case at bar, where no charges were ever filed against the fellow officer, the evidence adduced at trial did not demonstrate, beyond a reasonable doubt, that the officer's actions violated the Penal Law. Accordingly, in the absence of such "violations," the City cannot be held liable to the plaintiff pursuant to General Municipal Law § 205-e.

Specifically, the plaintiff did not present any direct evidence to substantiate his claim that it was his fellow officer who struck him in the head with a flashlight. Moreover, even assuming this was the case, there was no proof that the fellow officer acted with the requisite intent to constitute any violation of the Penal Law. Indeed, affording the plaintiff every inference which may properly be drawn from the facts presented (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), the jury verdict appears to have been the result of speculation and conjecture. Therefore, since there was no rational process by which the jury could find for the plaintiff in the context of this action, the verdict should have been set aside and the City awarded judgment as a matter of law (*see Szczerbiak v Pilat, supra; Witherbee Ct. Assoc. v Greene*, 7 AD3d 699 [2004]; *C.K. Rehner, Inc. v Arnell Constr. Corp.*, 303 AD2d 439 [2003]). Adams, J.P., Cozier, Santucci and Rivera, JJ., concur.