In an action, inter alia, for injunctive relief and to recover damages for breach of the implied warranty of habitability, the plaintiff appeals, as limited by her brief, from (1) so much an order of the Supreme Court, Nassau County (Iannacci, J.), dated March 6, 2012, as denied her motion to add B/Q Retained Realty, LLC, as a defendant, granted the cross motion of the defendant Birchwood Court Owners, Inc., for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim for an award of an attorney’s fee, and granted the separate cross motion of the defendant Emigrant Savings Bank-Brooklyn/Queens pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and (2) so much an order of the same court, also dated March 6, 2012, as denied that branch of her motion which was to consolidate the instant action with a holdover proceeding entitled Matter of B/Q Retained Realty, LLC v Roman, pending in the District Court, Nassau County, under index No. 005781/11.
Ordered that the first order dated March 6, 2012, is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendant Birchwood Court Owners, Inc., which was for summary judgment dismissing so much of the first cause of action as accrued within the six-year period prior to the commencement of the action, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the *693 cross motion of the defendant Birchwood Court Owners, Inc., which was for summary judgment on its counterclaim for an award of an attorney’s fee, and substituting therefor a provision denying, as premature, that branch of the motion; as so modified, the first order dated March 6, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that the appeal from the second order dated March 6, 2012, is dismissed as abandoned; and it is further,
Ordered that one bill of costs is awarded to the defendant Emigrant Savings Bank-Brooklyn/Queens, payable by the plaintiff.
In or about September 1993, the plaintiff purchased proprietary shares and a lease to a cooperative apartment from the defendant Birchwood Court Owners, Inc. (hereinafter Birch-wood). The plaintiff later refinanced her mortgage loan on the proprietary shares and lease with the defendant Emigrant Savings Bank-Brooklyn/Queens (hereinafter Emigrant). Thereafter, the plaintiff allegedly experienced several problems with her apartment including, inter alia, water damage and infestations of mold and mice. In January 2010, the plaintiff withheld maintenance payments in response to Birchwood’s alleged failure to resolve these issues. In August 2010, after Birchwood made some repairs, the plaintiff allegedly made a lump-sum payment for the maintenance withheld for the period of January 2010 through April 2010. The plaintiff subsequently received a demand notice from Birchwood dated August 12, 2010, seeking unpaid maintenance in the sum of $14,467.21. In January 2011, Emigrant paid Birchwood the plaintiff’s alleged maintenance arrears, and informed the plaintiff that she had until March 15, 2011, to pay these arrears or it would commence foreclosure proceedings. On May 19, 2011, following the plaintiffs failure to pay these arrears, Emigrant purchased the shares and lease to the subject apartment at a foreclosure public auction. Thereafter, on or about July 20, 2011, Emigrant assigned its purchase of the subject apartment to B/Q Retained Realty, LLC (hereinafter B/Q). In an order dated November 10, 2011, the Supreme Court denied the plaintiff’s motion to vacate the foreclosure sale, and to preliminarily enjoin Emigrant from transferring the subject shares and lease “because the foreclosure sale had already taken place.”
The plaintiffs challenge, in effect, to the propriety of the order dated November 10, 2011, denying her motion, inter alia, to preliminarily enjoin Emigrant from transferring the subject shares and lease, is not properly before this Court, because no appeal was taken from that order (see CPLR 5515; HSBC Bank *694 USA, N.A. v Valentin, 72 AD3d 1027, 1030 [2010]; Osorio v Kenart Realty, Inc., 48 AD3d 650, 653-654 [2008]; Cardinal Holdings v Chandre Corp., 302 AD2d 550, 551 [2003]). In addition, contrary to the plaintiffs contention, her appeal from the second order dated March 6, 2012, does not bring up for review the prior order dated November 10, 2011, pursuant to CPLR 5501 (a) (1), since that provision applies only to appeals from final judgments (see Osorio v Kenart Realty, Inc., 48 AD3d at 653-654; Cardinal Holdings v Chandre Corp., 302 AD2d at 551).
The Supreme Court properly granted that branch of Birch-wood’s cross motion which was for summary judgment dismissing the cause of action alleging unjust enrichment, as that claim was barred by the parties’ lease, which governed the matter (see IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]; Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 593 [2007]; Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 358 [2006]).
The Supreme Court improperly granted that branch of Birchwood’s cross motion which was for summary judgment dismissing so much of the first cause of action as accrued within the six-year period prior to the commencement of the action. The alleged breaches of the implied warranty of habitability that occurred within the six-year period prior to the commencement of the action, including the alleged water leak and mold infestation in 2010, are not time-barred (see CPLR 213 [2]; Witherbee Ct. Assoc. v Greene, 7 AD3d 699, 701 [2004]; Sprague v Luna Park Co-op, 83 AD2d 877 [1981]). Regarding the timely claims, Birchwood failed to demonstrate its prima facie entitlement to judgment as a matter of law, since there are triable issues of fact as to whether the plaintiff is entitled to damages for the defendant’s alleged breach of the implied warranty of habitability based, inter alia, on water leaks, mice infestation, and mold in the apartment (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Additionally, since a triable issue of fact remains as to whether Birchwood breached the implied warranty of habitability, that branch of Birchwood’s cross motion which was for summary judgment on the issue of an attorney’s fee pursuant to the lease should have been denied as premature.
The Supreme Court providently exercised its discretion in denying the plaintiffs motion for joinder of B/Q, as the plaintiff failed to demonstrate that B/Q needed to be a party if complete relief was to be accorded between the parties (see CPLR 1001 [a]; Spector v Toys “R” Us, Inc., 12 AD3d 358, 359 [2004]). Further, the plaintiff failed to demonstrate that B/Q will be inequitably affected by a judgment in this action absent its *695 joinder (see CPLR 1001 [a]; Spector v Toys “R” Us, Inc., 12 AD3d at 359).
Finally, the plaintiff raises no argument in her brief with respect to her appeal from the second order dated March 6, 2012, which, inter alia, denied that branch of her motion which was to consolidate the instant action with a holdover proceeding entitled Matter of B/Q Retained Realty, LLC v Roman, pending in the District Court, Nassau County, under index No. 005781/11. Accordingly, the appeal from that order must be dismissed as abandoned (see Delijani v Delijani, 100 AD3d 951, 952 [2012]; Seaway Capital Corp. v 500 Sterling Realty Corp., 94 AD3d 856, 857 [2012]; Lutwin v Perelman, 76 AD3d 958, 961 [2010]).
The plaintiff’s remaining contentions are without merit. Rivera, J.R, Balkin, Chambers and Sgroi, JJ., concur.