OPINION OF THE COURT
Herman Cahn, J.
Motions numbered 12 and 51 of the March 13, 1990 calendar are combined for disposition.
*188 Plaintiff Health-Chem Corporation (hereinafter Health-Chem) moves for partial summary judgment to recover on the first and second causes of action against its insurer, defendant National Union Fire Insurance Company of Pittsburgh, Pa. (hereinafter National Union) under a directors and officers liability policy (D & O Policy) written in August 1981, and for other relief. National Union cross-moves for partial summary judgment dismissing the second and third causes of action. It also separately moves to depose two nonparty witnesses, and to strike the action from the Trial Calendar.
The D & O Policy referred to above has two parts, a company reimbursement coverage and director and officer liability coverage. We are here concerned only with the company reimbursement coverage part, which in pertinent part provides as follows: "This policy shall * * * pay on behalf of the Company in item 1 of the Declarations loss (as hereinafter defined) arising from any claim or claims * * * against each and every person, jointly or severally, who was or now is or may hereafter be a Director or Officer (as herein defined) of the Company, by reason of any Wrongful Act (as hereinafter defined) in their respective capacities as Directors or Officers of the Company, but only when the Directors or Officers shall have been entitled to indemnification by the Company for damages, judgments, settlements, costs, charges, or expenses incurred in connection with the defense of any action * * * or any appeal therefrom to which the Directors or Officers may be a party or with which they may be threatened, pursuant to law, common or statutory, or the Charter or By-Laws of the Company duly effective under such law which determines and defines such rights of indemnity” (emphasis added).
A "Wrongful Act” is defined as follows: "any breach of duty, neglect, error, misstatement, misleading statement, omission or other act done or wrongfully attempted by the Directors or Officers or any of the foregoing so alleged by any claimant or any matter claimed against them by reason of their being such Directors or Officers.”
The word "Loss” is defined as follows: "any amount the Company shall be required or permitted by law to pay to a director or officer as indemnity for a claim arising out of those matters which lead to a Wrongful Act.”
Pertinent parts of the loss provisions of the coverage state as follows:
"The Company shall as a condition precedent to its right to *189 be indemnified under this policy give to the Insurer notice as soon as practicable in writing of any claims made upon the Directors or Officers.
"The Company shall give the Insurer such information and cooperation as it may reasonably require and as shall be in the Company’s power.”
Clause 6 (a) in part states: "No costs, charges and expenses shall be incurred without the insurer’s consent which shall not be unreasonably withheld”.
A class action was commenced in 1982 by Raymond K. Peil (Peil action) in the Federal District Court of Pennsylvania against Health-Chem. Also named as defendants were all of its directors, certain officers, and its investment banker, Drexel Burnham Lambert. The action was based on claimed violations of Federal securities laws. At about the same time, another action was commenced by Melville A. Carty, Jr. against Health-Chem only (Carty action). National Union concedes that the allegations of the two complaints are nearly identical.
Health-Chem thereafter advised National Union pursuant to section 7 (e) of the policy that it retained or intended to retain the law firm of Schnader, Harrison, Segal and Lewis (hereinafter Schnader-Harrison) to represent it and the individual defendants in both actions. National Union acknowledged the notification and stated that its attorney would contact "Mr. Baker”.
Leon C. Baker, Esq. was the "Mr. Baker” referred to in the letter. He was Health-Chem’s general counsel, and one of its directors. He was also named as a defendant in the Peil action. The second cause of action herein seeks reimbursement for $390,000 for fees paid to him in connection with his services in defense of the actions.
After being notified of the commencement of the Peil action, National Union’s counsel transmitted a "reservation of rights” letter to Health-Chem, which noted various retentions in both portions of the policy, and the fact that as no individuals were named as defendants in the Carty action, "the National Union policy will not apply.”
After extensive discovery and motion practice, the Peil and Carty actions were tried together in 1985, before a jury, which rendered a verdict in favor of Health-Chem, its officers and directors. The judgment was later affirmed by the United States Court of Appeals.
*190 For the trial and appeal, a bill in the amount of $753,483 was submitted by the Schnader-Harrison law firm to Health-Chem. Health-Chem paid that amount and here seeks reimbursement from National Union.
The first cause of action seeks the approximate sum of $1,400,000 for National Union’s breach of the policy in failing to pay the costs of defense of the Peil case, including the Schnader-Harrison legal bill. The court denies summary judgment as to this cause of action since there are substantial factual issues which cannot be resolved on motion papers alone. Specifically, the Schnader-Harrison firm represented Health-Chem itself as well as its officers and directors. It is undisputed that the expense of defending the officers and directors which was required to be reimbursed by the corporation is covered under the policy (exclusive of retentions). However it is also quite apparent that the expense of defending Health-Chem itself is not covered under the policy. Thus, the loss which is covered is defined in the policy as being "any amount the company shall be required * * * to pay to a director or officer as indemnity for a claim or claims against him”. It does not include the expenses of defending Health-Chem itself.
The parties argue as to whether National Union has the right to "allocate” the expenses incurred, between those which are covered by the insurance policy, and those which are not, i.e., between those expended for parties who are covered and those not.
In PepsiCo, Inc. v Continental Cas. Co. (640 F Supp 656 [SD NY 1986]), the court approved the allocation of a settlement between defendants, where the directors and officers were insured under the policy at issue, and the corporation and its accounting firm were not.
The court determined (at 661-662) that:
"The policy clearly provides that it covers only the directors and officers of PepsiCo, not the corporation and not its accounting firm. * * *
"Allocation * * * is therefore appropriate”.
The court has not found any cases where the issue of allocation has been discussed by a New York court, nor have any such cases been cited by the parties. Considering the matter, the court finds that allocation is permitted if factually possible. National Union is only liable for the expenses of defending certain defendants. If additional expenses were *191 incurred in defense of the action on behalf of the noncovered defendants there is no reason why National Union should be required to pay such expenses. To put it another way, the coverage afforded by the policy should not now be expanded.
The above assumes that it is possible to allocate the expenses incurred between covered and noncovered parties. Once prima facie proof that an expense was incurred in defense of a covered party has been introduced, the burden of showing that all or a specific portion of it was incurred in defense of a noncovered party is on defendant.
Since in the Peil action Health-Chem and its directors and officers were sued together, and they were represented by the same counsel, allocation of fees is certainly mandated, if possible. This presents a substantial factual issue as it is obvious that National Union “will try to assign as much as possible to the corporation, whose expenses it does not pay, while the corporation will struggle to get the bills into the directors’ column” (Note, Practical Aspects of Directors’ and Officers’ Liability Insurance — Allocating and Advancing Legal Fees and the Duty to Defend, 32 UCLA L Rev 690, 692 [1985]). Further discovery is necessary to accurately assess allocation.
In sum, if any services were specifically rendered by Schnader-Harrison in the defense of Health-Chem alone, or in the defense of the Carty action alone, National Union is not required to reimburse for those expenses. Therefore one of the issues of fact is the amount properly ascribable to the defense of Health-Chem in the Peil case.
Finally, the court has examined some of the underlying documentation submitted by Schnader-Harrison. It is not sufficiently detailed; to support the grant of judgment without affording an opportunity for discovery, in view thereof National Union is entitled to further discovery as to the time spent by Schnader-Harrison, and specifically what it was spent for, etc., prior to the granting of judgment on the first cause of action.
The second cause of action seeks recovery for the sums paid to Leon C. Baker, Esq. for services which Health-Chem alleges were rendered in connection with the defense of the two actions. Both sides seek summary judgment as to this cause of action. Summary judgment is denied to both sides as to this cause of action. The issues of fact which exist are first of all the same issues which were set forth above relating to the first cause of action; that is what services were rendered for *192 defense of the corporation and what services were rendered for the defense of the individual defendants. Added to that is the issue of whether or not National Union was properly notified that Leon C. Baker, Esq. would take part in the defense of the action, and that it would be expected to reimburse Health-Chem for his services. Clause 6 (a) (hereinabove quoted) requires the insurance company’s consent before any charges and expenses are incurred. Whether or not that consent was obtained is an issue of fact which cannot be decided on these papers.
National Union argues that Leon C. Baker, Esq. as general counsel of Health-Chem is an employee of Health-Chem and should not be considered an independent counsel for the purposes of this action. That issue also cannot be properly decided on these papers.
The third cause of action seeks reimbursement for Health-Chem for the expenses of the litigation paid by Health-Chem on behalf of Drexel Burnham Lambert. Drexel Burnham Lambert was the investment banker which assisted Health-Chem in issuing and marketing the securities which are the subject of the two actions. Health-Chem by reason of its underwriting agreement with Drexel became obligated to indemnify Drexel for the expenses of defending the stockholder’s litigation. National Union argues that its policy covers only expenses incurred in defending officers and directors of Health-Chem and not of any other party.
A careful reading of the policy indicates that National Union is correct in assertion; it is clear that there is no obligation on National Union’s part to reimburse Health-Chem for these expenses. The motion for summary judgment dismissing the third cause of action is granted.
The cross motion seeks to strike the action from the Trial Calendar of the court and to permit further discovery. The court agrees that further discovery, and specifically the deposition of Jerome J. Shestack, Esq. is warranted. The court will not however strike the action from the Trial Calendar but will permit a subpoena for his examination to issue as a third party. If he will not agree to be deposed in New York City, the necessary proceedings may be instituted to depose him in Philadelphia. Similarly, Leon C. Baker, Esq. may be examined. In the event that he is still a director and officer of Health-Chem, Health-Chem shall produce him for deposition in New York City; if he is no longer a director of or otherwise *193 associated with Health-Chem, Health-Chem shall immediately notify National Union’s attorneys of his last known address and they may move to have his deposition taken outside the State of New York, if that is necessary and appropriate.
All depositions are to be taken on or before September 1, 1990.
Motion to strike from the calendar is denied.