■ GREGORY CARMICHAEL, an Infant, by SANDRA REYNOLDS, His Mother and Guardian, et al., Respondents, v DALE FAXON, JR., an Infant, by LORI PARK, His Mother and Guardian, et al., Defendants, and BRUCE WILLIAMS, Appellant. [699 NYS2d 494] —Peters, J. Appeal from an order of the Supreme Court (Dier, J.), entered April 1, 1999 in Washington County, which, *inter alia*, denied defendant Bruce Williams's motion for summary judgment dismissing the complaint against him.

On August 23, 1997, the infant plaintiff and the infant defendant were playing with fireworks on property owned by defendant Bruce Williams (hereinafter defendant) when one of the fireworks allegedly exploded inside the infant plaintiff's clothing, resulting in serious injuries. Plaintiffs thereafter commenced this action alleging, *inter alia*, that defendant was negligent in failing to supervise the dangerous activity occurring on his property. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against him. Supreme Court, without a written decision and in apparent reliance upon plaintiffs' assertion that discovery was incomplete, denied the motion. Defendant appeals.

Although a landowner owes a duty to another on his land to maintain it in a reasonably safe condition (*see*, *Basso v Miller*, 40 NY2d 233), liability will not attach where the injury results not from any dangerous condition on the land but as a direct result of a voluntary activity over which the landowner exercised no control (*see*, *Macey v Truman*, 70 NY2d 918; *Jarvis v Eastman*, 202 AD2d 826). Here, the proof submitted in sup-

port of defendant's motion establishes that the injuries suffered by the infant plaintiff resulted from his voluntary participation in a dangerous activity without the knowledge or supervision of defendant, who did not reside on the premises where the injury occurred and was not present on the date of the accident. The opposing affidavit of plaintiffs' attorney, which simply alleged the need for further discovery without explaining how it would lead to competent evidence in support of the claim (*see, Younger v Spartan Chem. Co.*, 252 AD2d 265) or that any such evidence was in defendant's exclusive knowledge or control (*see, Welsh v County of Albany*, 235 AD2d 820), was insufficient to defeat the motion. Under these circumstances, we find that summary judgment dismissing the complaint against defendant was warranted (*see, Collins v Petroski*, 155 AD2d 799).

Mikoll, J. P., Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant Bruce Williams, by reversing so much thereof as denied defendant Bruce Williams's motion for summary judgment dismissing the complaint; said motion granted, summary judgment awarded and complaint dismissed against him; and, as so modified, affirmed.