■ DAVID B. WOODS, Respondent, v GENERAL ACCIDENT INSURANCE et al., Appellants. [738 NYS2d 791] —Appeal from a judgment (denominated order) of Supreme Court, Ontario County (Doran, J.), entered July 11, 2001, which denied defendants' motion for summary judgment and granted in part plaintiff's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff purchased a 540-cubic-inch engine that he intended to install in a boat. He picked up the engine in Ohio, and the following day it was stolen from the back of his pickup truck, which was parked in a motel parking lot. Defendants disclaimed coverage for the loss under plaintiff's homeowner's insurance policy, citing an exclusion in the policy for losses "caused by theft that occurs off the 'residential premises' of watercraft, including their furnishings, equipment and outboard engines or motors." Plaintiff commenced this action seeking, inter alia, a declaration that the policy covered the loss.

Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint and granted in part plaintiff's cross motion for summary judgment, declaring that the loss is covered under the policy. Where an insurance policy is clear and unambiguous, it must be enforced as written (*see, Venigalla v Penn Mut. Ins. Co.,* 130 AD2d 974, 975, *lv dismissed* 70 NY2d 747). Where, however, the policy is ambiguous, "all

ambiguity must be resolved in favor of the policyholder and against the company which issued the policy" (*Little v Blue Cross of W. N.Y.,* 72 AD2d 200, 203; *see also, Westview Assoc. v Guaranty Natl. Ins. Co.,* 95 NY2d 334, 340). "This rule is enforced even more strictly when the language at issue purports to limit the company's liability" (*Venigalla v Penn Mut. Ins. Co., supra* at 975; *see also, Burriesci v Paul Revere Life Ins. Co.,* 255 AD2d 993, 994). "If an ambiguity exists, the insurer bears the burden of establishing that the construction it advances is not only reasonable, but also that it is the only fair construction" (*Harrington v Amica Mut. Ins. Co.,* 223 AD2d 222, 228, *lv denied* 89 NY2d 808). Here, defendants failed to meet their burden of establishing that their construction of the exclusionary language is the only fair construction. The language could reasonably be interpreted to exclude coverage for a watercraft and items of furnishings or equipment that are attached to it, but not items that at the time of the loss were not installed on or otherwise part of a watercraft. Thus, the court properly construed the policy against defendants and declared that this is a covered loss. Present—Pigott, Jr., P.J., Pine, Scudder, Burns and Gorski, JJ.