GREGORY T. BRUENN, Individually and as Parent and Natural Guardian of AMBER BRUENN, an Infant, et al., Appellants, v LAWRENCE S. PAWLOWSKI, Defendant, and BERNARD BRUENN et al., Respondents. [738 NYS2d 805] —Appeal from an order of Supreme Court, Erie County (Mahoney, J.), entered January 11, 2001, which, inter alia, granted the motion of defendants Bernard Bruenn, Mary Jane Bruenn, and Matthew Bruenn for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of defendants Bernard Bruenn, Mary Jane Bruenn, and Matthew Bruenn in part and reinstating the complaint against defendant Matthew Bruenn and as modified the order is affirmed with costs to plaintiffs.

Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by Gregory T. Bruenn (plaintiff) and his daughter when they were struck by an all-terrain vehicle (ATV) operated by defendant Lawrence S. Pawlowski. Plaintiffs allege that defendants Bernard Bruenn and Mary Jane Bruenn, the owners of the property where plaintiff, his daughter and Pawlowski were camping, negligently permitted Pawlowski to operate an ATV on their premises and that defendant Matthew Bruenn, then age eight, was negligent in shining a flashlight into the face of Pawlowski as he approached on his ATV, causing him to run into plaintiff and his daughter.

Any issue with respect to the propriety of the order denying plaintiffs' motion for a default judgment and granting the cross motion of Matthew Bruenn for leave to serve a late answer is not properly before us because no appeal was taken from that order. While an appeal from a final judgment brings up for review any intermediate order necessarily affecting the judgment (*see,* CPLR 5501 [a] [1]), plaintiffs have appealed only from an order that, inter alia, granted the motion of the Bruenn defendants for summary judgment dismissing the complaint against them; there is no appeal from a final judgment, nor does it appear from the record before us that a final judgment has been entered. In any event, were we to reach the merits, we would conclude that the court properly exercised its discretion granting the cross motion for leave to serve a late answer. Matthew Bruenn established that his delay in answering the complaint was due to an inadvertent error of the liability carrier, that he has a meritorious defense, and that plaintiffs were not prejudiced by the delay (*see, Kondolf v National Grange Mut. Ins. Co.,* 259 AD2d 1021).

The court properly granted that part of the Bruenn defendants' motion seeking summary judgment dismissing the complaint against Bernard Bruenn and Mary Jane Bruenn. Those defendants, who were not present at the time of the accident and were unaware that Pawlowski would be on their property, owed no duty to prevent or control the conduct of Pawlowski in operating his ATV while in an allegedly intoxicated condition (*see, D'Amico v Christie,* 71 NY2d 76, 85; *Carmichael v Faxon,* 266 AD2d 693).

The court erred, however, in granting that part of the Bruenn defendants' motion seeking summary judgment dismissing the complaint against Matthew Bruenn. Matthew's alleged admission to shining a flashlight in the face of Pawlowski as he approached on the ATV, although hearsay, is competent evidence as the admission of a party (*see, Reed v McCord,* 160 NY 330, 341; *Newman v Vetrano,* 283 AD2d 264; *Smith v Kuhn,* 221 AD2d 620). Further, whether such conduct, if undertaken by Matthew, "deviated from the degree of care expected of a reasonably prudent child of his age, experience, intelligence, and degree of development" (*Sorto v Flores,* 241 AD2d 446, 447) presents an issue of fact for trial (*see generally, Camardo v New York State Rys.,* 247 NY 111, 115; *Carmen P. v PS&S Realty Corp.,* 259 AD2d 386, 388). We therefore modify the order by denying the Bruenn defendants' motion in part and reinstating the complaint against Matthew Bruenn. Present— Pigott, Jr., P.J., Pine, Hayes, Hurlbutt and Lawton, JJ.