■ CARDINAL HOLDINGS, LIMITED, Respondent, v CHANDRE CORPORATION, Appellant. [755 NYS2d 298] —In an action pursuant to CPLR 5303 for recognition and enforcement of a foreign

country judgment, the defendant appeals from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated June 7, 2002, as purportedly denied its cross motion to dismiss the complaint.

Ordered that the appeal is dismissed, with costs.

The defendant specifically limited its notice of appeal to that portion of the order dated June 7, 2002, which purportedly denied its cross motion to dismiss the complaint. However, the order dated June 7, 2002, did not determine the subject cross motion. Although the defendant also raises objections to that portion of the order dated June 7, 2002, which granted the plaintiff's motion for summary judgment, "[a]n appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order" (*Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133 [1986]; *see* CPLR 5515 [1]; *Hemmings v St. Marks Hous. Assoc., Phase II,* 272 AD2d 442 [2000]; *W.J.F. Realty Corp. v Town of Southampton,* 240 AD2d 657 [1997]).

Furthermore, the defendant's challenge to the propriety of an order of the same court dated February 25, 2002, which denied its cross motion to dismiss the complaint for lack of personal jurisdiction, is not properly before this Court because no appeal was taken from that order (*see* CPLR 5515; *Kirdahy v Scalia,* 301 AD2d 525 [ 2003]; *Bruenn v Pawlowski,* 292 AD2d 856 [2002]). Contrary to the defendant's contention, its appeal from the order dated June 7, 2002, does not bring the prior order up for review pursuant to CPLR 5501 (a) (1), since that provision applies only to appeals from final judgments (*see Bruenn v Pawlowski, supra*; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:1). Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.