ANGEL OSORIO, Plaintiff, v KENART REALTY, INC., et al., Defendants, and MADISON 45 COMPANY et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. TOWER INSURANCE COMPANY, Third-Party Defendant-Respondent-Appellant, et al., Third-Party Defendants. [852 NYS2d 317]—

In an action to recover damages for personal injuries, (1) the defendant third-party plaintiff Madison 45 Company and the third-party plaintiff American National Fire Insurance Company appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated March 28, 2006, as (a) denied that branch of their motion which was for summary judgment in the third-party action declaring that the insurance coverage provided by the third-party plaintiff American National Fire Insurance Company is excess to that provided by the third-party defendant Tower Insurance Company in connection with the defense and indemnification of the defendant third-party plaintiff Madison 45 Company in the underlying action, (b) denied that branch of their motion which was for summary judgment in the third-party action declaring that the third-party defendant Tower Insurance Company must fully reimburse the third-party plaintiff American National Fire Insurance Company for all defense costs incurred, and (c) directed the third-party plaintiff American National Fire Insurance Company and the third-party defendant Tower Insurance Company to "share, on a primary basis, in the defense and indemnification" of the defendant third-party plaintiff Madison 45 Company in the underlying action, and (2) the third-party defendant Tower Insurance Company cross-appeals, as limited by its brief, from so much of the same order as directed it to "share, on a primary basis, in the defense and indemnification" of the defendant third-party plaintiff Madison 45 Company in the underlying action.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the motion of the defendant third-party plaintiff Madison 45 Company and the third-party plaintiff American National Fire Insurance Company which were for summary judgment in the third-party action declaring that the insurance coverage provided by the third-party plaintiff American National Fire Insurance Company is excess to that provided by the third-party defendant Tower Insurance Company and that the third-party defendant Tower Insurance Company must fully reimburse the third-party plaintiff American National Fire Insurance Company for all defense costs incurred are granted, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate declaratory judgment in accordance herewith; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party plaintiff-appellant-respondent Madison 45 Company and the third-party plaintiff-appellant-respondent American National Fire Insurance Company.

The plaintiff Angel Osorio commenced this action to recover damages for personal injuries he sustained while working on premises owned by the defendant third-party plaintiff Madison 45 Company (hereinafter Madison), and leased to the defendant third-party defendant Pizza-Del, Inc., doing business as Eurostar Cafe (hereinafter Pizza-Del). As part of the lease between Pizza-Del and Madison, Pizza-Del agreed to indemnify, hold harmless, and defend Madison against all claims arising from work performed or negligent acts occurring on the premises. Pizza-Del also agreed to obtain insurance on a primary basis, with Madison named as an additional insured.

The third-party defendant Tower Insurance Company (hereinafter Tower), is the insurer of Pizza-Del, and the third-party plaintiff American National Fire Insurance Company (hereinafter American National) is the insurer of Madison. Upon receipt of the notice of occurrence, Tower disclaimed coverage, inter alia, on the ground of late notice.

American National and Madison (hereinafter collectively the third-party plaintiffs) subsequently commenced a third-party action alleging, among other things, that Tower is obligated to provide them with a defense and indemnification in the plaintiff's underlying action. The third-party plaintiffs moved, inter alia, for summary judgment in the third-party action declaring (1) that Tower must defend and indemnify Madison in the plaintiff's underlying action, (2) that the insurance coverage

provided by American National is excess to that provided by Tower, and (3) that Tower must fully reimburse American National for all defense costs incurred. In an order dated July 15, 2004, the Supreme Court, among other things, concluded that Tower's disclaimer was untimely and granted that branch of the third-party plaintiffs' motion which was for summary judgment declaring that Tower was obligated to defend and indemnify Madison pursuant to the policies and the lease. However, the court failed to decide the other branches of the third-party plaintiffs' motion which were, inter alia, for summary judgment declaring that American National's insurance was excess and that Tower must fully reimburse American National for all defense costs incurred.

The third-party plaintiffs appealed from the order dated July 15, 2004. By decision and order on motion dated June 29, 2005, this Court dismissed the appeal because the third-party plaintiffs were not aggrieved by the order appealed from. We noted that to the extent the third-party plaintiffs claimed that the Supreme Court failed to decide certain branches of their motion, those issues were not properly before the Court as those branches of the motion remained pending and undecided (*see Katz v Katz,* 68 AD2d 536 [1979]).

In an order dated March 28, 2006, the Supreme Court determined those branches of the third-party plaintiffs' motion which remained pending and undecided at the time of their appeal from the order dated July 15, 2004. The Supreme Court determined, inter alia, that since both policies contained "other insurance" clauses and both policies purported to be excess to each other, the clauses "cancel[ed] each other out" and the insurers were obligated to share equally, "on a primary basis," in the defense and indemnification of Madison in the underlying action. Thus, the Supreme Court denied those branches of the third-party plaintiffs' motion which were for summary judgment declaring that American National's insurance was excess to that provided by Tower and that Tower must fully reimburse American National for all defense costs incurred. The third-party plaintiffs appealed from the order dated March 28, 2006 and Tower cross-appealed.

Generally, unless it would distort the plain meaning of the policies, where there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel each other out and each insurer contributes in proportion to its limit amount of insurance (*see State Farm Fire & Cas. Co. v LiMauro,* 65 NY2d 369, 374 [1985]; *Lumbermens Mut. Cas. Co. v Allstate Ins. Co.,*

51 NY2d 651, 655 [1980]; *American Tr. Ins. Co. v Continental Cas. Ins. Co.,* 215 AD2d 342, 343 [1995]). In contrast, however, if one party's policy is primary with respect to the other policy, then the party issuing the primary policy must pay up to the limits of its policy before the excess coverage becomes effective (*see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.,* 92 NY2d 682, 687 [1999]).

Here, it is undisputed that the American National policy and the Tower policy cover the same risk. Moreover, both policies have "other insurance" clauses specifying when their coverage is primary as opposed to excess. In the order on appeal, the Supreme Court determined that "the 'other insurance' clauses in both policies are effective and, therefore, both policies purport to be excess." We disagree.

The provision of the American National policy entitled "Amendment Of Other Insurance Condition (Occurrence Version)," by its plain wording, renders that policy excess with respect to the Tower policy. In contrast, the "other insurance" clause contained in paragraph 10 of the Tower policy, entitled "Insurance Under More than One Policy," states, in relevant part:

"(a) Insurance under this General Liability Coverage is primary except as provided under paragraph 10c below, or unless otherwise stated. The amount of *our* liability is not reduced because of other insurance which applies to the loss on other than a primary basis. . . . (c) Insurance under this General Liability Coverage is excess over any other insurance: (1) if the other insurance, whether primary, excess, contingent or on any other basis, provides: (a) fire, extended coverage, builders' risk, installation risk or similar coverage for *your* work; or (b) fire insurance for premises rented to *you*; or (2) if the other insurance applies to any loss arising out of the maintenance or use of aircraft, *autos* or watercraft which may be covered by this policy." This language renders the Tower policy excess only in specific, enumerated circumstances where first-party property loss coverage would serve as primary indemnification for a loss (*see Great N. Ins. Co. v Mount Vernon Fire Ins. Co.,* 92 NY2d at 689). Insofar as those circumstances do not exist in the case at bar, Tower bears the initial responsibility for defending and indemnifying Madison in the underlying action, and American National is entitled to full reimbursement accordingly.

In its brief, Tower challenges the propriety of the prior order dated July 15, 2004 as a basis for its request for relief in connection with the order presently cross-appealed from. However, Tower did not appeal from that prior order, and thus, Tower's

contention that such order should be reversed is not properly before this Court (*see* CPLR 5515; *Hecht v City of New York,* 60 NY2d 57, 61 [1983]; *Damiani v Federated Dept. Stores, Inc.,* 23 AD3d 329, 332 [2005]). Contrary to Tower's contention, its cross appeal from the order dated March 28, 2006 does not bring the prior order dated July 15, 2004 up for review pursuant to CPLR 5501 (a) (1), since that provision applies only to appeals from final judgments (*see Cardinal Holdings v Chandre Corp.,* 302 AD2d 550 [2003]).

Since the third-party action seeks, in part, a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that the insurance coverage provided by American National is excess to that provided by Tower and that Tower must fully reimburse American National for all defense costs incurred (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Lifson, J.P., Miller, Angiolillo and McCarthy, JJ., concur.