■ SECURITY POLICE AND FIRE PROFESSIONALS OF AMERICA RETIREMENT FUND, Plaintiff, and ARTHUR MURPHY, JR., et al., Appellants, v JOHN J. MACK et al., Respondents, and MORGAN STANLEY, Nominal Defendant-Respondent, et al., Defendant. [940 NYS2d 609]—

Judgment, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered January 6, 2011, dismissing the complaint with prejudice, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 10, 2010, which granted the motion of defendants Roy J. Bostock, Erskine B. Bowles, Sir Howard J. Davies, James H. Hance, Jr., Nobuyuki Hirano, C. Robert Kidder, Donald T. Nicolaisen, Charles H. Noski, Hutham S. Olayan, Charles E. Phillips, Jr., O. Griffith Sexton, and Dr. Laura D. Tyson (the outside or nonexecutive directors) to dismiss the complaint with prejudice pursuant to CPLR 3211 (a) (7), unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs are shareholders of nominal defendant Morgan Stanley, a Delaware corporation; the other defendants are Morgan Stanley's directors and officers. Plaintiffs allege waste, breach of the duty of loyalty, and unjust enrichment, based on the board's alleged decisions in 2006, 2007, and 2009 regarding compensation for all of Morgan Stanley's tens of thousands of employees. They did not make a demand on the board before bringing this derivative action.

The motion court correctly dismissed this case for failure to show that a prelitigation demand would have been futile (*see e.g. Wilson v Tully*, 243 AD2d 229, 231 [1998]).

Under Delaware law, to show demand futility where the underlying contested transaction is the result of a board decision, the complaint must allege "particularized facts creating a reason to doubt that '(1) the directors are disinterested and independent [or that] (2) the challenged transaction was otherwise the product of a valid exercise of business judgment' " (*Wood v Baum*, 953 A2d 136, 140 [Del 2008], quoting *Aronson v Lewis*, 473 A2d 805, 814 [Del 1984], *overruled in part on other grounds by Brehm v Eisner*, 746 A2d 244, 253-254 [Del 2000] [emendation by *Wood*]). The motion court correctly found that defendant Mack was interested because, as a director, he approved his own compensation as chief executive officer (CEO) (*see Rales v Blasband*, 634 A2d 927, 936 [Del 1993]). Although defendant James P. Gorman (Morgan Stanley's CEO since January 2010) did not join the board until 2010 and, hence, did not take part as a director in the challenged decisions, we can assume that as an official of Morgan Stanley he would be found to be interested or lack independence (*In re Goldman Sachs Group, Inc. Shareholder Litig.*, 2011 WL 4826104, *7, 2011 Del Ch LEXIS 151, *24 [Oct. 12, 2011]). The issue whether the remaining directors (who are all outside directors) are interested will be addressed later.

To show a director's lack of independence, the complaint must create a reasonable doubt as to whether the outside director was beholden to an interested director or so much under the latter's influence that his or her " 'discretion would be sterilized' " (*Beam ex rel. Martha Stewart Living Omnimedia, Inc. v Stewart*, 845 A2d 1040, 1050 [Del 2004], quoting *Rales*, 634 A2d at 936; *Orman v Cullman*, 794 A2d 5, 25 n 50 [Del Ch 2002]). The allegation that each of the outside directors receives more than $300,000 per year in director fees from Morgan Stanley is insufficient to create that doubt (*see e.g. In re Morgan Stanley & Co., Inc. Auction Rate Sec. Derivative Litig.*, 2009 WL 2195928, *1, 2009 US Dist LEXIS 65166, *4 [SD NY, July 22, 2009]). The majority of Morgan Stanley's board is composed of non-employee directors who cannot be fired by the interested inside directors (*see In re J.P. Morgan Chase & Co. Shareholder Litig.*, 906 A2d 808, 821 [Del Ch 2005], *affd* 906 A2d 766 [Del 2006]). The inside directors are not controlling shareholders of Morgan Stanley and therefore cannot oust the outside directors through a stockholder vote (*see id.*). Neither do the inside directors control the process by which outside directors are nominated to the board (*see Jacobs v Yang*, 2004 WL 1728521, *4, 2004 Del Ch LEXIS 117, *14-15 [Aug. 2, 2004], *affd* 867 A2d 902 [Del 2005]). Furthermore, the bulk of the outside directors' fees is paid in Morgan Stanley stock, not cash, which fact sup-

ports the presumption that the directors "objectively considered the merits of the proposed corporate transaction" in deciding how to vote on it (*see Orman*, 794 A2d at 27 n 56).

Plaintiffs' allegation that outside director Sexton was a banker at Morgan Stanley from 1973 to 1995 does not suffice to raise a reasonable doubt that Sexton is not independent (*see e.g. In re Walt Disney Co. Derivative Litig.*, 731 A2d 342, 358 and n 30 [Del Ch 1998], *affd in part, revd in part on other grounds sub nom. Brehm v Eisner*, 746 A2d 244 [Del 2000]). Their allegation that Morgan Stanley conducts a significant amount of business with outside director Olayan's company does not suffice because "significant amount" is conclusory (*see e.g. Wilson*, 243 AD2d at 234; *Jacobs*, 2004 WL 1728521, *6, 2004 Del Ch LEXIS 117, *24). While plaintiffs allege that Morgan Stanley, Olayan's company, and unnamed others own Bracor, a company that has invested $500 million in Brazilian real estate, they do not specify the importance of Bracor to Olayan's company (*see J.P. Morgan*, 906 A2d at 822; *see also Kaplan v Wyatt*, 499 A2d 1184, 1187, 1189 [Del 1985]).

In light of the fact that plaintiffs have not established that at least seven members of Morgan Stanley's 14-member board were interested or lacked independence, we need not consider their arguments about outside directors Bostock, Noski, and Phillips.

Plaintiffs contend that they alleged particularized facts creating a reason to doubt that the directors' compensation awards were the product of a valid exercise of business judgment (*see Aronson*, 473 A2d at 814), because waste does not constitute a valid exercise of business judgment and because the director defendants breached their duty of loyalty to Morgan Stanley by failing to exercise oversight over compensation. The complaint does not adequately plead waste. It lacks the "specific allegations of unconscionable transactions and details regarding who was paid and for what reasons they were paid" that are necessary for a determination whether the work done by Morgan Stanley's employees "was of such limited value to the corporation that no reasonable person in the directors' position would have approved their levels of compensation" (*see Goldman Sachs*, 2011 WL 4826104, *17, 2011 Del Ch LEXIS 151, *57, *55; *In re Walt Disney Co. Derivative Litig.*, 906 A2d 27, 74 [Del 2006]; *White v Panic*, 783 A2d 543, 554 [Del 2001]).

As to the duty of loyalty and oversight liability, assuming, arguendo, that the duty of oversight includes the duty to monitor business risk (*but see In re Citigroup Inc. Shareholder Derivative Litig.*, 964 A2d 106, 126, 131 [Del Ch 2009]), the complaint

fails to allege that "the board *consciously* failed to implement any sort of risk monitoring system or, having implemented such a system, *consciously* disregarded red flags signaling that the company's employees were taking facially improper, and not just ex-post ill-advised or even bone-headed, business risks" (*see Goldman Sachs*, 2011 WL 4826104, \*22 n 217, 2011 Del Ch LEXIS 151, \*73-74 n 217; *Stone ex rel. AmSouth Bancorporation v Ritter*, 911 A2d 362, 370 [Del 2006]; *Citigroup*, 964 A2d at 128).

We turn now to the issue whether the outside directors were interested. The "substantial likelihood" of personal liability for approving a contested transaction may render directors personally interested in the decision whether to pursue the demanded litigation (*Stone*, 911 A2d at 367). Here, the likelihood of liability is significantly less because the corporate charter provides that directors are exculpated from liability to the extent authorized by Delaware Code Annotated, title 8, § 102 (b) (7), i.e., except for claims based on fraudulent, illegal or bad faith conduct (*see Goldman Sachs*, 2011 WL 4826104, \*18, 2011 Del Ch LEXIS 151, \*59). Therefore, the complaint must allege particularized facts that would show "that the directors acted with scienter, *i.e.*, that they had 'actual or constructive knowledge' that their conduct was legally improper" (*see Wood*, 953 A2d at 141; *Citigroup*, 964 A2d at 132). The complaint does not allege such facts.

Because demand was not shown to be excused, we need not reach Morgan Stanley's and the executive defendants' motion to dismiss for failure to state a cause of action (*see e.g. Jacobs*, 2004 WL 1728521, \*1, 2004 Del Ch LEXIS 117, \*2). Concur— Tom, J.P., Friedman, Acosta, DeGrasse and Román, JJ. **[Prior Case History: 30 Misc 3d 663.]**