In an action for a judgment declaring, inter alia, that the defendant is obligated to defend and indemnify Murnane Building Contractors, Inc., and Wal-Mart Stores East, L.P, doing business as Wal-Mart Real Estate Business Trust, on a primary and noncontributory basis in an underlying action entitled Oakes v Wal-Mart Real Estate Bus. Trust, commenced in the Supreme Court, Franklin County, under index No. 1062/07, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated October 5, 2011, as denied those branches of their motion which were for summary judgment declaring that the defendant is obligated to defend Murnane Building Contractors, Inc., in the underlying action on a primary and noncontributory basis and must reimburse Murnane Building Contractors, Inc., for all costs that were reasonably incurred by it or on its behalf in connection with its defense of the underlying action.
Ordered that the order is reversed insofar as appealed from, on the law, those branches of the plaintiffs’ motion which were for summary judgment declaring that the defendant is obligated to defend Murnane Building Contractors, Inc., in the underlying action on a primary and noncontributory basis and must reimburse Murnane Building Contractors, Inc., for all costs that were reasonably incurred by it or on its behalf in connection with the defense of the underlying action are granted, and the *675 matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant is obligated to defend Murnane Building Contractors, Inc., in the underlying action on a primary and noncontributory basis and must reimburse the plaintiff Murnane Building Contractors, Inc., for all costs that were reasonably incurred by it or on its behalf in connection with its defense in the underlying action; and it is further,
Ordered that one bill of costs is awarded to the plaintiffs.
During the construction of a building on a site owned by WalMart, Darby Oakes, an employee of a subcontractor, J.T. Erectors, was injured. He commenced an action (hereinafter the underlying action) against, among others, Murnane, the general contractor, and Luck Bros., Inc. (hereinafter Luck), another subcontractor, to recover damages for the personal injuries he allegedly sustained. Murnane and Wal-Mart together commenced the instant action against Zurich American Insurance Company (hereinafter Zurich), which had issued a commercial general liability insurance policy to Luck, naming Murnane as an additional insured. As relevant to this appeal, this action sought, inter alia, a judgment declaring that Zurich is obligated to defend Murnane in the underlying action on a primary and noncontributory basis, as well as the reimbursement, to Murnane, of all costs incurred by it or on its behalf in defending the underlying action. Zurich commenced a third-party action against Lexington Insurance Company (hereinafter Lexington), which had issued a commercial general liability insurance policy to J.T. Erectors that named Murnane as an additional insured, alleging, inter alia, that Lexington was obligated to provide defense coverage to Murnane on a primary and noncontributory basis. Lexington counterclaimed against Zurich, and sought a judgment declaring that Zurich is obligated to defend Murnane on a primary and noncontributory basis.
Murnane and Wal-Mart together moved, inter alia, for summary judgment on the causes of action for a judgment declaring that Zurich is obligated to defend Murnane in the underlying action on a primary and noncontributory basis and to reimburse Murnane for all costs incurred by Murnane or on its behalf in Murnane’s defense of the underlying action. The Supreme Court denied those branches of the plaintiffs’ motion, holding that Zurich and Lexington were required to provide a defense to Murnane on a primary, pro-rata “co-basis,” and, in effect, that Murnane was entitled to recover only 50% of the costs incurred by it or on its behalf in defending the underlying action.
*676 Initially, contrary to Zurich’s contention, Murnane is aggrieved by the portions of the order appealed from, which denied relief that it requested (see Mixon v TBV, Inc., 76 AD3d 144, 156 [2010]).
“In insurance contracts the term ‘other insurance’ describes a situation where two or more insurance policies cover the same risk in the name of, or for the benefit of, the same person” (Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d 682, 686-687 [1999]). “[W]here there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its limit amount of insurance” (Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d 651, 655 [1980]; see State Farm Fire & Cas. Co. v LiMauro, 65 NY2d 369, 374 [1985]; Osorio v Kenart Realty, Inc., 48 AD3d 650, 652 [2008]). This rule is inapplicable where it “clearly distort[s] the plain meaning of the terms of the policies of insurance” (Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d at 655; see Osorio v Kenart Realty, Inc., 48 AD3d at 652). “In contrast, however, if one party’s policy is primary with respect to the other policy, then the party issuing the primary policy must pay up to the limits of its policy before the excess coverage becomes effective” (Osorio v Kenart Realty, Inc., 48 AD3d at 653; see Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d at 687).
Here, the allegations in the complaint in the underlying action are that Oakes’s accident arose out of Luck’s work for Murnane, thereby triggering Zurich’s obligation to defend Murnane as an additional insured (see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006]). Under those circumstances, the plain terms of the Zurich policy contemplate that Zurich would provide primary defense coverage to Murnane. Therefore, the plaintiffs satisfied their prima facie burden of establishing their entitlement to judgment as a matter of law declaring that Zurich is obligated to defend Murnane in the underlying action on a primary and noncontributory basis and, in opposition, Zurich failed to raise a triable issue of fact.
Moreover, Murnane is entitled to recover all costs it incurred, or were incurred on its behalf, that were reasonably related to its defense in the underlying action (see Continental Cas. Co. v Board of Educ. of Charles County, 302 Md 516, 531-532, 489 A2d 536, 543-544 [1985]; Pfizer, Inc. v Stryker Corp., 385 F Supp 2d 380, 386-387 [SD NY 2005]; Health-Chem Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 148 Misc 2d 187, 190-191 [1990]).
*677 Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Zurich is obligated to defend Murnane in the underlying action on a primary and noncontributory basis and that Zurich must reimburse Murnane for all costs that were reasonably incurred by Murnane or on its behalf in connection with Murnane’s defense of the underlying action. Mastro, J.P., Chambers, Hall and Lott, JJ., concur.