■ ONEBEACON AMERICA INSURANCE COMPANY, Appellant, v WHITMAN PACKAGING CORPORATION, Respondent. [999 NYS2d 364]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered August 13, 2013, dismissing the complaint, and awarding costs and disbursements in the amount of $385 to defendant, Whitman Packaging Corporation (Whitman), unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 17, 2013, which granted Whitman's motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, OneBeacon America Insurance Company, seeks to recover from Whitman payments it made in 2012 to its insured, nonparty Estee Lauder, Inc. (Estee Lauder), an entity affiliated with Whitman through its corporate parent, The Estee Lauder Companies, for costs incurred between July 1999 and March 2009 defending and resolving claims asserted jointly against Estee Lauder and Whitman by the New York State Department of Environmental Conservation for cleanup costs of environmental hazards at two landfills. OneBeacon has failed to sufficiently plead its claim for unjust enrichment since it has not alleged any expenses that would make allocation "factually possible" between Estee Lauder and Whitman (*Health-Chem Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 148 Misc 2d 187, 190 [Sup Ct, NY County 1990]). The complaint does not allege any facts in support of OneBeacon's contention that Whitman increased the costs of the joint defense, despite the fact that OneBeacon had more than a decade to investigate the facts and conduct discovery, and more than three years to analyze the legal bills. Thus, the allegations are conclusory and this claim was properly dismissed (*see e.g. Security Police & Fire Professionals of Am. Retirement Fund v Mack*, 93 AD3d 562, 564 [1st Dept 2012]). Whitman's mere awareness, at some point, that

OneBeacon paid its defense costs does not alter the result (*see Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 517 [2012]). The claim for unjust enrichment also fails because no facts are alleged that indicate a relationship between the parties that could have caused reliance or inducement (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]).

OneBeacon's claim for equitable subrogation is also unavailing. OneBeacon does not dispute that a 2009 consent order, to which Whitman was a party, released Whitman from all claims by the remaining settling res ?ondents, including its insured, Estee Lauder, with respect to tne claims arising from one of the landfills. Since plaintiff "can only recover if the insured could have recovered and its claim as subrogee is subject to whatever defenses the third party might have asserted against its insured" (*Federal Ins. Co v Arthur Andersen & Co.*, 75 NY2d 366, 372 [1990]), this claim is precluded by the release. Although OneBeacon now contends, for the first time on appeal, that the release was entered into as a result of collusion between Estee Lauder and Whitman, the allegations that Whitman and Estee Lauder shared the same counsel, and that counsel submitted invoices to OneBeacon for legal fees that included work performed for both Whitman and Estee Lauder, are patently insufficient to state such a claim.

Even if a 2004 consent order (relating to the other landfill), to which Whitman was not a party, did not release all of the claims against Whitman, OneBeacon still cannot recover under the equitable doctrine of subrogation since there are no allegations of Whitman's wrongdoing separate and apart from those made against Estee Lauder for which OneBeacon was forced to pay defense costs (*see Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660 [1997]).

Based on the insufficiency of the allegations as to any separate and distinct wrongdoing on the part of Whitman, OneBeacon's claim for implied indemnification also fails (*see Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]). Concur—Tom, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.