Galarza v Heaney (2022 NY Slip Op 02395)

Galarza v Heaney

2022 NY Slip Op 02395

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.

2019-12222
 (Index No. 601182/17)

[*1]Jimmy Galarza, appellant-respondent, 
v
Lawrence Heaney, et al., respondents-appellants.

Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Simon Q. Ramone of counsel), for appellant-respondent.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag and Jackie L. Gross of counsel; Katherine Carroll on the brief), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered September 23, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence and excessive, a jury verdict on the issue of damages to the extent of reducing the award of damages for future pain and suffering from the principal sum of $380,000 to the principal sum of $100,000 and for future medical expenses from the principal sum of $700,000 to $0. The order, insofar as cross-appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law, or, in the alternative, to set aside the damages verdict in its entirety as contrary to the weight of the evidence and excessive and for a new trial.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside, as contrary to the weight of the evidence and excessive, so much of the jury verdict as awarded damages for future pain and suffering and future medical expenses is denied, and so much of the jury verdict as awarded the plaintiff the principal sums of $380,000 for future pain and suffering and $700,000 for future medical expenses is reinstated; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained to his neck, back, knee, and shoulder as a result of an automobile accident. Following a jury trial on the issue of damages only, the jury found that, as a result of the automobile accident, the plaintiff had sustained injuries under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories of Insurance Law § 5102(d), and awarded the plaintiff the principal sums of $120,000 for past pain and suffering, $380,000 for future pain and suffering over 47 years, and $700,000 for future medical expenses. The jury verdict was rendered [*2]on July 17, 2019. By amended notice of motion dated August 7, 2019, the defendants moved pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and excessive and for a new trial. In an order entered September 23, 2019, the Supreme Court granted the defendants' motion to the extent of reducing the award of damages for future pain and suffering from the principal sum of $380,000 to the principal sum of $100,000 and reducing the award of damages for future medical expenses from the principal sum of $700,000 to $0, and otherwise denied the motion. The plaintiff appeals, and the defendants cross-appeal, from the order entered September 23, 2019.
The Supreme Court should have denied the defendants' motion pursuant to CPLR 4404(a) as untimely, as it was made more than 15 days after the jury verdict was rendered, without good cause shown for the delay (see Rozmarin v Sookhoo, 172 AD3d 1415, 1417; Verdi v Jacoby & Meyers, LLP, 154 AD3d 901, 903; Matter of Munoz v O'Connor-Gang, 154 AD3d 700, 702; Trimarco v Data Treasury Corp., 146 AD3d 1008, 1009).
The defendants' challenge to the propriety of an order entered August 10, 2017, which granted the plaintiff's motion for summary judgment on the issue of liability, is not properly before this Court because no appeal was taken from that order (see CPLR 5501; Roman v Emigrant Sav. Bank-Brooklyn/Queens, 111 AD3d 692, 693-694; Cardinal Holdings v Chandre Corp., 302 AD2d 550, 551). Contrary to the defendants' contention, their cross appeal from the order entered September 23, 2019, does not bring up for review the prior order entered August 10, 2017, pursuant to CPLR 5501(a)(1), since that provision applies only to appeals from final judgments (see Roman v Emigrant Sav. Bank-Brooklyn/Queens, 111 AD3d at 694; Osorio v Kenart Realty, Inc., 48 AD3d 650, 654; Cardinal Holdings v Chandre Corp., 302 AD2d at 551).
In light of our determination, we need not address the parties' remaining contentions.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court