Kolli v Kaleida Health (2024 NY Slip Op 03998)

Kolli v Kaleida Health

2024 NY Slip Op 03998

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, KEANE, AND HANNAH, JJ.

487 CA 23-01348

[*1]AJAY KOLLI, AS EXECUTOR OF THE ESTATE OF DR. VENKATESWARA KOLLI, DECEASED, AND MLMIC INSURANCE COMPANY, PLAINTIFFS-RESPONDENTS,
v
KALEIDA HEALTH, DOING BUSINESS AS DEGRAFF MEMORIAL HOSPITAL, DEFENDANT-APPELLANT.
KALEIDA HEALTH, DOING BUSINESS AS DEGRAFF MEMORIAL HOSPITAL, THIRD-PARTY PLAINTIFF-APPELLANT, 
HEALTHCARE PROFESSIONALS INSURANCE COMPANY, THIRD-PARTY DEFENDANT-RESPONDENT. 

FAEGRE DRINKER BIDDLE & REATH LLP, NEW YORK CITY (MARK D. TATICCHI OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT.
HURWITZ FINE P.C., BUFFALO (STEVEN E. PEIPER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.
E. STEWARD JONES HACKER MURPHY LLP, SCHENECTADY (BENJAMIN F. NEIDL OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Edward Pace, A.J.), entered June 22, 2023, in a declaratory judgment action. The judgment, inter alia, granted the motions of third-party defendant and plaintiffs for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the motion of third-party defendant, denying in part the motion of plaintiffs, vacating the declaration with respect to the allocation of the settlement amount, vacating the sixth decretal paragraph, reinstating the first counterclaim of defendant-third-party plaintiff, reinstating the third-party action, and granting in part the motion of defendant-third-party plaintiff, and judgment is granted in favor of defendant-third-party plaintiff as follows:
It is ADJUDGED and DECLARED that defendant-third-party plaintiff and third-party defendant are excess insurers and plaintiff MLMIC Insurance Company is the primary insurer with regard to the underlying action, and that defendant-third-party plaintiff and third-party defendant are obligated to pay, on a pro rata basis, the costs of the remaining portion of the settlement following exhaustion of MLMIC Insurance Company's primary coverage,
and as modified the judgment is affirmed without costs.
Memorandum: The appeal in this declaratory judgment action arises from a dispute between plaintiff MLMIC Insurance Company (MLMIC), defendant-third-party plaintiff, Kaleida Health, doing business as DeGraff Memorial Hospital (Kaleida), and third-party defendant, Healthcare Professionals Insurance Company (HPIC), over insurance coverage provided to Dr. [*2]Venkateswara Kolli (decedent) in an underlying medical malpractice action. In the underlying action, Kaleida, MLMIC, and HPIC entered into a settlement funding agreement, with each of them agreeing to pay one-third of the settlement of the underlying action and to reimburse each other according to the court's determination of their respective responsibilities under their respective contracts and policies.
Plaintiffs MLMIC and Ajay Kolli, as executor of the estate of decedent, then commenced an action against Kaleida, seeking, inter alia, a declaration that Kaleida provided decedent with insurance coverage under Kaleida's self-insurance plan and that MLMIC is entitled to be reimbursed by Kaleida for expenses it incurred defending decedent. Kaleida answered and commenced a third-party action against HPIC, seeking a declaration that HPIC is obligated to provide first layer excess coverage pursuant to the policy HPIC issued to decedent. HPIC moved for summary judgment dismissing all claims against it and seeking reimbursement of its contribution towards the settlement in the underlying action, and plaintiffs moved for summary judgment seeking, inter alia, a declaration that decedent is a covered person under the self-insurance plan issued by Kaleida. Kaleida moved for summary judgment dismissing the claims against it and granting summary judgment on its claims against plaintiffs and HPIC. Supreme Court granted the motions of HPIC and plaintiffs, denied the motion of Kaleida, determined, inter alia, that HPIC's coverage constituted excess coverage and declared that the full amount of the settlement must be paid by Kaleida and MLMIC in proportion to their respective policy limits. Kaleida now appeals.
Contrary to Kaleida's contention, we conclude the court properly determined that decedent was entitled to coverage under Kaleida's self-insurance plan. It is well settled that a contract must be read as a whole to give effect and meaning to every term (see Town of Eden v American Ref-Fuel Co. of Niagara, 284 AD2d 85, 89 [4th Dept 2001], lv denied 97 NY2d 603 [2001]). Indeed, "[a] contract should be interpreted in a way [that] reconciles all [of] its provisions, if possible" (Green Harbour Homeowners' Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963, 965 [3d Dept 2005]; see American Ref-Fuel Co. of Niagara, 284 AD2d at 89). In the insurance context, "all ambiguities must be resolved in favor of the insured" (Kula v State Farm Fire & Cas. Co., 212 AD2d 16, 19 [4th Dept 1995], lv dismissed in part & denied in part 87 NY2d 953 [1996]), and that "rule is enforced even more strictly when the language at issue purports to limit the [insurer's] liability" (Woods v General Acc. Ins., 292 AD2d 802, 803 [4th Dept 2002] [internal quotation marks omitted]). "[T]he insurer bears the burden of establishing that the construction it advances is not only reasonable, but also that it is the only fair construction" (id. [internal quotation marks omitted]).
Here, Kaleida failed to meet its burden of establishing that its construction is the only fair construction. Kaleida contends that the self-insurance contract with decedent did not cover services provided to patients at Kaleida's facilities for which decedent retained the right to bill. The language in Kaleida's self-insurance plan could reasonably be interpreted to limit coverage when decedent treated his private practice patients at Kaleida, but not to limit coverage where, as in the underlying action, he treated a patient at Kaleida as part of his on-call duties pursuant to his employment agreement (see generally Woods, 292 AD2d at 803; Oot v Home Ins. Co. of Ind., 244 AD2d 62, 66 [4th Dept 1998]).
The court properly denied Kaleida's motion insofar as Kaleida contended that decedent is not entitled to coverage in the underlying action because he failed to give Kaleida notice of the claim. Kaleida received timely notice of decedent's claim when it was served with the complaint in the underlying action (see 11 NYCRR 73.3 [a]). To the extent Kaleida contends that it is not obligated to provide coverage with respect to the underlying action because decedent failed to make a timely claim for coverage under the terms of the self-insurance plan, we conclude that Kaleida's self-insurance plan does not define a "claim" as a demand for coverage by the insured, and Kaleida has not identified on this appeal any provision of that plan requiring decedent to make a formal demand for coverage.
We reject Kaleida's contention that the claims of MLMIC and HPIC for reimbursement are barred by laches (see generally Skrodelis v Norbergs, 272 AD2d 316, 316-317 [2d Dept 2000]).
Kaleida further contends that the court erred in denying its motion because, even if [*3]decedent was entitled to coverage from Kaleida in the underlying action, Kaleida has no obligation to reimburse MLMIC or HPIC because the self-insurance plan does not constitute other insurance under MLMIC's policy. We reject that contention. The self-insurance plan protected against physicians' medical malpractice liability, and it required physicians to report any potential claims. We conclude that Kaleida's self-insurance plan constituted "other insurance policy or equivalent coverage" under MLMIC's policy (see generally Woods, 292 AD2d at 802-803).
We agree with Kaleida, however, that its coverage is excess to MLMIC's policy, and that the court therefore erred in granting the motion of HPIC, in granting the motion of plaintiffs and in denying the motion of Kaleida with respect to the allocation of the settlement amount. "[W]here there are multiple policies covering the same risk, and each generally purports to be excess to the other, the excess coverage clauses are held to cancel out each other and each insurer contributes in proportion to its [policy] limit," unless to do so would distort the plain meaning of the policies (Lumbermens Mut. Cas. Co. v Allstate Ins. Co., 51 NY2d 651, 655 [1980]; see Federal Ins. Co. v Atlantic Natl. Ins. Co., 25 NY2d 71, 75-76 [1969]; Cheektowaga Cent. School Dist. v Burlington Ins. Co., 32 AD3d 1265, 1267-1268 [4th Dept 2006]). By contrast, "if one party's policy is primary with respect to the other policy, then the party issuing the primary policy must pay up to the limits of its policy before the excess coverage becomes effective" (Osorio v Kenart Realty, Inc., 48 AD3d 650, 653 [2d Dept 2008]; see Great N. Ins. Co. v Mount Vernon Fire Ins. Co., 92 NY2d 682, 686-687 [1999]; Stout v 1 E. 66th St. Corp., 90 AD3d 898, 904 [2d Dept 2011]). Here, HPIC's policy specifically states that its coverage is excess to MLMIC's coverage, and thus the court properly determined that HPIC is an excess carrier.
We further conclude that Kaleida's coverage is also excess to MLMIC's coverage. Kaleida's self-insurance plan provides that physicians "shall be assumed to be maintaining primary medical practice insurance" with coverage limits of at least $1 million per claim and $3 million aggregate (see generally Osorio, 48 AD3d at 653). MLMIC, as the primary insurer, had policies of $1.3 million "Each Person Limit" and a $3.9 million "Total Limit." Under the circumstances of this case, MLMIC's "Each Person Limit" applies, and Kaleida and HPIC are responsible as excess insurers for the remaining portion of the settlement, with Kaleida responsible for 91.67% and HPIC responsible for 8.33% (see Utica Mut. Ins. Co. v Erie Ins. Co., 107 AD3d 1522, 1525-1526 [4th Dept 2013]). We therefore modify the judgment accordingly.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court